BYRD N. McKINNEY et al., Appellants, v. FIDELITY MUTUAL INSURANCE COMPANY.

### Division One, March 12, 1917.

1. **INSURANCE: Change of Beneficiaries: By Contract.** A provision inserted in a policy belonging to the class of insurance wherein the rights of the beneficiaries are vested, which entitles the insured to change them and to divest them of its proceeds, is as broad as its terms and no broader, and must be construed according to the terms expressing it in a given case.

2. ————: ————: **To What Insurance Applicable.** The right to change the beneficiary named in a policy, whether as an incident to fraternal-beneficiary insurance or as one resting in contract expressed in an ordinary-life policy, is equally efficacious, and the power to exercise it is measured by the language on which it is founded. Whether the right arises by convention or from the nature of the insurance, the beneficiary to be affected by its exercise has a conditional interest only in the policy proceeds, while the power to change such beneficiary continues to exist.

3. ————: ————: **Only Incidentally Applicable.** Where no change was made in the beneficiaries designated when the policy was issued, the terms of the provision authorizing the insured to change them need not be considered further than as affording incidental support for what was actually done by the insured in the delivery to him of a paid-up policy upon a surrender of the original policy.

4. ————: **Statutes as Part of Contract.** The statutes governing the business of a foreign insurance company licensed to do business in this State are as much a part of an ordinary-life policy written by it as if the language of the statutes had been inserted in the policy as a part of the agreement of the parties.

5. ————: **Surrender for Paid-Up Policy: Without Consent of Beneficiaries: Legal Holder.** Since the statutes say that the "legal holder" of a non-forfeitable ordinary-life policy may demand a paid-up policy for an amount computed by a statutory plan, and that the "legal holder" of the policy may himself surrender the policy and thus avoid its self-enforcing provisions for extended insurance, the insured, who within the meaning of such statutes is the "legal holder," may, without the consent of the beneficiaries, surrender a policy upon which he has paid three or more annual premiums, and in lieu thereof receive a paid-up policy for the statutory sum, and that sum being both in accordance with the

270 Mo.—20

McKinney v. Insurance Co.

statute and the stipulations of the policy the company by paying it may be discharged from any further obligations under the policy.

6. ———: ———: Separate Estate of Wife.  The statute (Sec. 6944, R. S. 1909) which provides that an insurance policy made payable to the wife of the insured "shall inure to her separate benefit, independently of the creditors" of the husband, was designed to make whatever should come to her upon the payment of the insurance her separate estate and to exempt it from the claims of the creditors of her deceased husband; it does not inhibit the husband from surrendering a policy which names her as beneficiary, and accepting a paid-up policy in lieu thereof.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock*, Judge.

AFFIRMED.

*Clarence F. Westcoat* and *F. H. Bacon* for appellants.

The only question involved in this appeal is whether or not under the terms of the original policy issued to Charles S. McKinney, and payable to plaintiffs, reserving to said McKinney the power, subject to the approval of the company, to change the beneficiary named therein, he could cancel and surrender said policy without the consent of the beneficiaries.  (1)  Up to a comparatively recent time policies of regular life insurance contained no reservation of the right to change the beneficiary and without that reservation it is a universally admitted rule of law that such policies confer upon the beneficiary a vested interest and property which cannot be divested without their consent.  Blum v. Ins. Co., 197 Mo. 513; U. S. Casualty Co. v. Kacer, 169 Mo. 301; Bank v. Hume, 128 U. S. 795; Holmes v. Gilman, 138 N. Y. 382.  (2) The contracts of the fraternal beneficiary societies give the member the right to change the beneficiary, and this fact undoubtedly led the regular, or old line, life insurance companies to insert in their policies the provision permitting the change of beneficiary.  From the similarity of the contracts in this respect some courts have been led to the conclusion that the insured, where the right to change the beneficiary was reserved, had an absolute

control over the policy, forgetful of the fact that the contracts are very dissimilar.   State ex rel. v. Vandiver, 213 Mo. 187; Westerman v. Supreme Lodge K. P., 196 Mo. 670; Commonwealth v. Equitable Beneficial Assn., 137 Pa. St. 412; Mut. Ben. Soc. v. Burkhart, 110 Ind. 189; Grigsby v. Russell, 222 U. S. 149.   (3)  Although the member of a fraternal society has the right to change the beneficiary, so that it is said that the beneficiary has simply an expectancy, a conditional vested interest, such beneficiary can invoke the conditions required for change of beneficiary and insist that they be observed.   Their rights can only be terminated in the manner specified in the contract.   It is true this is modified by the holding that the society may waive the requirement of the laws of the order as to change of beneficiary and if the certificate is surrendered and a new one is issued, the beneficiary is bound thereby; otherwise, the principle is correctly stated.   Finnell v. Franklin, 55 Colo. 156; A. O. U. W. v. McFadden, 213 Mo. 269, affirming 114 Mo. App. 191; Abeles v. Ackley, 133 Mo. App. 594; Johnson v. Ins. Co., 56 Colo. 178.   (4) The policy sued on constituted an executed, voluntary settlement on the wife and daughter of McKinney, subject only to one reservation, namely, the power to revoke the designation of them as beneficiaries and appoint new beneficiaries. This right conferred upon McKinney no property in the benefit but was a power only, pure and simple, subject to all the well settled rules of law governing powers. Mut. Ben. Soc. v. Clendinen, 44 Md. 433; Arthur v. Odd Fellow's Ben. Assn., 29 Ohio St. 553; Hellenberg v. Dist. No. 1, I. O. B. B., 94 N. Y. 580; Abeles v. Ackley, 133 Mo. App. 594.   (5)  McKinney had no property in this insurance under the contract, but simply the power to change the beneficiary, and such right creates no property in the subject of the power, that is, in the insurance or in the policy.   Abeles v. Ackley, 133 Mo. App. 594; Slaughter v. Grand Lodge, 68 So. (Ala.) 367; Smith v. Hatke, 78 S. E. (Va.) 584; Modern Woodmen v. Headle, 90 Atl. (Vt.) 893; Sabin v. Phinney, 134 N. Y. 428; Grant v. Faires, 97 Atl. (Pa.) 1060; 31 Cyc. 1038; Ex.

p. Gilchrist, 17 Q. B. D. 521; Garland v. Smith, 164 Mo. 15; Price v. Courtney, 87 Mo. 387. (6) While the interest of plaintiffs in the policy sued on might in a loose way be called an expectancy, still they had a vested conditional interest and this interest could only be divested in the manner pointed out in the contract and in no other way. The insured could not surrender the policy, that is dispose of the property, without the consent of the beneficiaries. Vance on Insurance, p. 399, citing Hopkins v. Heist, 92 Ky. 327; Richards on Insurance, sec. 58, citing Conway v. Supreme Council, 131 Cal. 437; Ins. Co. v. Clinton, 76 N. J. Eq. 4; Sullivan v. Maroney, 76 N. J. Eq. 104; Ins. Co. v. McGinnis, 180 Ind. 9; McCutchen v. Townsend, 127 Ky. 230; Holder v. Ins. Co., 77 S. C. 299; Roberts v. Ins. Co., 85 S. E. (Ga.) 1043; Deal v. Deal, 87 S. C. 395; Blum v. Ins. Co., 197 Mo. 513; Christman v. Christman, 157 N. W. (Wis.) 1099. (7) This policy was issued in Missouri and the statutes of the State form part of it. It is a serious question whether under our statute the provision in a policy, payable to the wife of the insured, that he can change the beneficiary (except in case of the death, or divorcement, of the wife), is not void. In re Orear, 111 C. C. A. 150, 189 Fed. 888.

*Jones, Hocker, Sullivan & Angert* and *James C. Jones, Jr.* for respondent.

(1) Where a policy of insurance reserves to the insured the right to change the beneficiary, the interest of such beneficiary during the lifetime of the insured is a contingent and not a vested interest; such a policy when issued becomes the property of the insured; the insured is the legal holder thereof and the ownership and control of the policy is in him. United States Cas. Co. v. Kacer, 169 Mo. 313; Masonic Assn. v. Bunch, 109 Mo. 580; Hoffman v. Ins. Co., 56 Mo. App. 306; Robinson v. Ins. Co., 168 Mo. App. 259; Clarkston v. Ins. Co., 190 Mo. App. 631; Lewine v. K. of P., 122 Mo. App. 547; Wells v. Ins. Co., 126 Mo. 638; Callies v. Ins. Co., 98 Mo. App. 526; Diehm v. Ins. Co., 129 Mo. App. 256; Eves v. Mod-

ern Woodmen, 153 Mo. App. 247; Splawn v. Chew, 60
Tex. 532; Mutual Life Ins. Co. v. Twyman, 122 Ky. 513;
Hopkins v. Hopkins, 92 Ky. 324; Crice v. Ins. Co., 122
Ky. 572; Hopkins v. Ins. Co., 99 Fed. 199; Lamb v. Ins.
Co., 106 Fed. 637; Ins. Co. v. Swett, 222 Fed. 200; In
re Orear, 178 Fed. 632; In re Herr, 182 Fed. 717; In re
Bonvillain, 232 Fed. 370; Hicks v. Ins. Co., 147 N. W.
(Ia.) 883; Bilbro v. Jones, 102 Ga. 161; Littleton v.
Sain, 126 Tenn. 461; Ins. Co. v. Healy, 25 N. Y. App.
Div. 53; St. John v. Ins. Co., 13 N. Y. 31; Bacon on
Benefit Societies and Life Insurance (3 Ed), sec. 291,
(a), (b); Alba v. Ins. Co., 118 La. 1021; Hutson v. Mer-
rifield, 51 Ind. 24, 29; Eagle v. Ins. Co., 48 Ind. 284; Ins.
Co. v. McGinnis, 99 N. E. 751; Beggert v. Straub, 193
Mass. 77, 79; In re Estate Heilbron, 14 Wash. 536; Ins.
Co. v. Palmer, 42 Conn. 64.    (2)   Where a policy con-
tains a provision for paid-up insurance upon the non-
payment of any premium when due, conditioned upon a
demand therefor and a surrender of the policy, and the
policy gives the insured the right to change the bene-
ficiary, the right to demand and surrender the policy for
paid-up insurance is in the insured alone and he may de-
mand and surrender the policy for paid-up insurance
without the consent of the beneficiary.   Bilbro v. Jones,
102 Ga. 161; Hopkins v. Ins. Co., 99 Fed. 199; Ins. Co.
v. Swett, 222 Fed. 200; Hicks v. Ins. Co., 147 N. W. (Ia.)
883; Crice v. Ins. Co., 122 Ky. 572.    (3)   Secs. 6946-
6949, R. S. 1909, enter into and become a part of the pol-
icy or contract of insurance.   Under these statutes the
insured was the legal holder of the policy in suit, and
was authorized to surrender the same either in exchange
for paid-up or extended insurance or for any other con-
sideration deemed adequate in his judgment.   Head v.
Ins. Co., 241 Mo. 413; Cravens v. Ins. Co., 148 Mo. 608;
Smith v. Ins. Co., 173 Mo. 352; Horton v. Ins. Co, 151
Mo. 604; Capp. v. Ins. Co., 117 Mo. App. 532, 536; Fahle
v. Ins. Co., 155 Mo. App. 15.

BOND, P. J.—I.  Action on a policy of life insur-
ance to recover amounts totalling thirty thousand dol-

lars, or the commuted value thereof of $21,522. The an-
swer was a general denial and the cause was
tried without a jury on an agreed statement of
facts, resulting in a judgment for plaintiffs for $2760,
less costs. The plaintiffs appealed.

The agreed statement of facts, in substance, is as
follows:

That this case shall be submitted to the court upon
an agreed statement of facts and such other testimony
as either party may deem material, all objections by
either party to the sufficiency of the pleadings being
hereby waived.

The defendant is a corporation organized under the
laws of the State of Pennsylvania and licensed to do the
business of life insurance in the State of Missouri; that
on the 29th day of December, 1903, defendant issued and
delivered to Charles S. McKinney its policy of life insur-
ance, dated December 29, 1903, in the sum of $30,000, a
copy of which is hereto attached, marked "Exhibit A," to
this agreed statement; that on December 29, 1903,
Charles S. McKinney resided in the city of St. Louis,
State of Missouri; that said policy (Exhibit A) re-
mained in the possession of the said Charles S. McKin-
ney until November 25, 1912, when it was surrendered
by the said Charles S. McKinney to the defendant as
hereinafter stated.

The plaintiffs, beneficiaries named in said policy,
had no knowledge of the surrender of the same by said
Charles S. McKinney until after his death; that all the
premiums provided for in said policy were duly paid by
the said Charles S. McKinney to the defendant up to
November 1, 1912; that the premium due November 1,
1912, was not paid on that day, or within the thirty-day-
grace period provided and allowed for such payment in
the clause headed, "General Precedent Conditions," on
the second page of Exhibit A; that said policy, on De-
cember 1, 1912, had a paid-up value of $2760, and, if not
legally surrendered on or before that date, was entitled
to be continued in force for the full amount thereof for a
period of three years and one month from that date;

*Statement.*

that on November 19, 1912, said Charles S. McKinney wrote to the defendant company as follows:

St. Louis, November 19, 1912.

Mr. L. G. Fouse, President
    Fidelity Mutual Life Insurance Co.,
       Philadelphia, Pa.

My Dear Sir:

    I have a policy with your company No. 148,948. I want to take paid-up insurance on this policy.

    I inclose you self-addressed envelope so that you may further direct my steps in this direction.

Thanking you in advance,

Yours truly,

C. S. McKinney.

That said letter was duly received by said L. G. Fouse on or before November 22, 1912; that on November 22, 1912, the defendant company, through its authorized agent J. B. Franks, assistant actuary, wrote to said Charles S. McKinney the following letter:

Philadelphia, Pa.
November 22, 1912.

IN RE: PAID-UP INSURANCE LOAN.
No. 148,948.

Mr. Charles S. McKinney,
    4109 Westminister Pl.,
       St. Louis, Mo.

Dear Sir:

    We have your favor of November 19. Your policy of the above number can be surrendered at the present time for a paid-up policy of $2760 payable in one sum at your death, etc.

Yours truly,

J. B. Franks,

Assistant Actuary.

That said letter was duly received by said Charles S. McKinney on or before November 25, 1912; that on November 25, 1912, the said Charles S. McKinney wrote to L. G. Fouse, president of the defendant company the following letter:

St. Louis, November 25, 1912.

Mr. L. G. Fouse,
    Fidelity Mutual Life Insurance Co.,
        Philadelphia, Pa.

Dear Sir:

      I am enclosing you my policy 148,948. Also I am returning you blank form No. 375, properly filled out, and you may return to me the paid-up value on this policy.

Thanking you in advance,

Yours truly,<br>CHARLES S. McKINNEY.

That said letter was duly received by said L. C. Fouse, president, on or before November 28, 1912; that on November 25, 1912, the said Charles S. McKinney, executed and sent to the defendant company with his said letter of that date the following paper, to-wit:

SURRENDER AND CANCELLATION OF POLICY CONTRACT.

    I, the insured under policy 148,948, issued on the 29th day of December, 1903, on the life of Charles S. McKinney, of St. Louis, Mo., by the Fidelity Mutual Life Insurance Company, of Philadelphia, Pa., do hereby in consideration of the issuance of a paid-up policy for $2760, payable in one sum at death, request a cancellation of said policy and do, for myself and my legal representatives, hereby release and forever discharge the said Fidelity Mutual Life Insurance Company from all actions, causes of action, suits, controversies, claims and demands whatsoever, for and by reason of said policy No. 148,948, or of any matter, cause or thing connected therewith.

    In Witness Whereof I have hereunto set my hand the 25th day of November, A. D. 1912.

CHARLES S. McKINNEY.

Witnesses:
    OMAR HILTON.

That said paper was duly received by the defendant on or before November 28, 1912; that pursuant to the request contained in the letter of Charles S. McKinney, of November 25, 1912, and in the paper designated "Surrender and Cancellation of Policy Contract," hereinabove set out, the defendant prepared and executed its policy of paid-up insurance dated November 25, 1912, in the sum of $2760, a copy of which policy is hereto attached, marked "Exhibit B," and on December 3, 1912, wrote to the said Charles S. McKinney the letter of that date, a copy of which is as follows:

McKinney v. Insurance Co.

Philadelphia, Pa., December 3, 1912.
IN RE: POLICY NO. 148,948, ENCLOSED.
Mr. Charles S. McKinney,
    4109 Wesminster Place,
        St. Louis, Mo.
Dear Sir:
    We enclose herewith participating paid-up policy of above number for $2760 issued per instruction of our actuarial department, and your letter of the 25th enclosing policy and form No. 375.
                          Yours very truly,
                                R. L. TULL,
                          Secretary Policy Dept.


    That said letter dated December 3, 1912, and said policy (Exhibit B) were sent to the said Charles S. McKinney through the medium of the United States mail, postage prepaid, on December 3, 1912, and were delivered at his residence, 4109 Westminster Place, St. Louis, Missouri, on December 5, 1912; but it is further stipulated and agreed that the letter of December 3, 1912, and said policy (Exhibit B) were not delivered at the residence of Charles S. McKinney until after the death of said Charles S. McKinney, on December 5, 1912, as hereinafter set forth, and said policy was not seen by Charles S. McKinney prior to his death on said December 5, 1912.

    Plaintiffs, beneficiaries named in said original policy, returned said second policy to the company and refused to accept same; that said policy was afterwards returned to the attorney for plaintiffs by the company, and it is agreed that plaintiffs shall deposit said policy with the clerk of the circuit court of the city of St. Louis, upon the filing of this agreed statement of facts, to be retained by said clerk until the determination of this suit, when it shall be delivered to defendant; that the rights of the plaintiffs shall not be prejudiced by anything done by them in regard to said policy; that said Charles S. McKinney died on December 5, 1912, about one p. m., in the city of St. Louis and at the Mercantile Club in said city; that his death was sudden; that the cause thereof was heart disease; that due proofs of

death and demand for the payment of the sum of $30,000 were made by plaintiffs, and that the payment of said sum was refused.

That the defendant admitted its liability for the sum of $2760, the sum insured by Exhibit B; that it tendered payment of said sum to the plaintiffs; that acceptance of said sum was refused; that the defendant has at all times maintained its tender and upon the filing of this agreed statement has deposited in court the sum of $2760, which it still admits is due to the plaintiffs; that said original policy referred to in paragraph two of the agreed statement of facts has a commuted value payable in lieu of the installments payable under said policy and under the conditions specified therein of $21,522; that should the finding and judgment of the court be that the defendant is liable to plaintiffs on said policy mentioned in paragraph 2 of this agreed statement of facts, being the original policy issued to Charles S. McKinney, then judgment may be rendered in favor of plaintiffs for the commuted value of the installments payable under said policy and the amount deposited in court shall be applied as part payment thereof, and the court costs shall be taxed against defendant; but, if, on the other hand, the court shall find and adjudge that the defendant is liable for only the amount of $2760, then the court costs shall be taxed against the plaintiffs and be deducted from the said deposit; that from and after the issuance of the original policy and until it was surrendered by the insured, said policy remained in the sole possession of the insured and was never in the possession of the plaintiffs, but plaintiffs had knowledge of the existence of said policy and that they were designated as beneficiaries therein; that the insured paid all the premiums that were paid on said policy and that said policy was never assigned or pledged by the insured or by the beneficiaries thereunder; that said original policy was at all times free from debt within the meaning of that term as used in said policy.

II. The question presented by this appeal is whether the insured had the power to surrender his original policy for a paid-up policy payable **Surrender of Insurance Policy.** at his death to the same beneficiaries, without their consent. The policy belonged to a class of insurance contracts wherein the rights of the beneficiaries were vested (U. S. Casualty Co. v. Kacer, 169 Mo. 313; Blum v. N. Y. Life Ins. Co., 197 Mo. 513) and could not be divested prior to the innovation of inserting in such policy a contract provision which entitled the insured to change **Change of Beneficiary.** the beneficiary. This latter provision is as broad as its terms and no broader, and hence it must be construed according to the terms and stipulations expressing it in a given case. [Grigsby v. Russell, 222 U. S. 149.] The right to change the beneficiary, whether as an incident to fraternal-beneficial insurance, or as one resting in contract expressed in an ordinary policy, is equally efficacious, and the power to exercise it is measured by the language on which it is founded. Whether it arises by convention or from the the nature of the insurance, the beneficiary to be affected by its exercise has a conditional interest only in the policy proceeds, while the power to change such beneficiary continues to exist. [Rosman v. Travelers Ins. Co., 96 Atl. (Md.) 875; Diehm v. Ins. Co., 129 Mo. App. 256; Lewine v. Sup. Lodge K. P., 122 Mo. App. 1. c. 554; Mut. Ben. Life Ins. Co. v. Swett, 222 Fed. 200; Bacon, Benefit Societies, sec. 291a.] There is some contrariety of view in the rulings in other states (cited in the briefs of counsel) respecting the interest remaining in the insured after he had procured a policy in accordance with the ordinary-life plan to be made payable to another, coupled with a reserved power to change the beneficiary. The conclusion we have reached from the agreed facts renders it unnecessary to review or attempt to reconcile the conflicting views expressed by the courts of sister states.

III.  The legal questions presented on this appeal are readily resolvable, under the statutes and decisions, of this State.

Before calling specific attention to these, it is well to note that we are not called upon to deal with any change made by the insured of the beneficiaries designated when he obtained the policy; for the paid-up policy received by him was payable to the same beneficiaries as the original policy, which was surrendered by him.  Not having exercised any power vested in him under that provision of the policy, its terms need not be considered further than as affording an incidental support (in connection with any other provision incorporated in the policy by law or the agreement of parties) for what was actually done by the insured culminating in the delivery to him of the paid-up policy.  If there was warrant for this action on his part, either in the terms put into the original policy by the parties or written into the policy by force of the statutes of this State, then the judgment of the court below must be affirmed.

*Contract Governed by Statutes.*

Sections 6946, 6947, 6948 and 6949, Revised Statutes 1909, govern the conduct of the business of foreign insurance companies in this State and are as much a part of an ordinary-life policy written by a foreign company licensed to do business in this State as if the language of the statutes had been inserted in the policy as a part of the agreement of the parties to that contract.  [Head v. Ins. Co., 241 Mo. l. c. 413, and cases cited.]  Those statutes need not be copied into this opinion.  In general their effect is that policies upon which three annual premiums have been paid shall be non-forfeitable; shall carry extended insurance according to a statutory plan; that the "legal holder" of such a policy (Sec. 6947) may demand a paid-up policy for an amount computed by a statutory plan; that the "legal holder" of the policy (Sec. 6949) may himself surrender the policy and thus avoid the self-enforcing provisions of the statute. With the powers expressed by the terms of these statutes embodied in the original policy, it is difficult to see what

impediment could exist in the way of the transaction which was had between the insured and the defendant company. They were the parties to the convention and possessed an absolute right and power to frame their contract as they saw proper, provided its terms and stipulations were not contrary to any rule of law or public policy of this State. The insured was *ex necessitate* the "legal holder" of the policy issued to him, although payable to his wife and child, by virtue of the provisions contained in the policy and the rights secured to him by its terms. Foremost among these was the absolute power to substitute for the original beneficiaries, any other person including himself, at his own will and pleasure. Of coordinate importance to that right is the statutory alternative given to the insured after the payment of three premiums on the policy. As the result of the agreement when the policy was obtained, it was delivered to the insured. Under the terms of that instrument, inserted both by the act of the parties and by the law, certain rights were guaranteed to him which could only be enforceable upon the assumption that he was legally, as well as actually, the holder of the policy; for under the terms of that instrument he could not, without the production of the policy, either alter the beneficiary or surrender it and obtain in lieu a paid-up policy. As to this the language of the policy is significant and conclusive, to-wit: "The *insured,* with the approval of the president or vice president, may, upon the *surrender* of this policy, change the beneficiary." This demonstrates that the status of the insured, as the "legal holder" of the policy, inhered in the formation of the contract itself. The policy provided in a similar way for its surrender by the insured and the delivery to him in consideration thereof, of a paid-up policy in the exact sum for which judgment was rendered in the trial court. Our conclusion is that the policy in question was legally surrendered, unless this was prevented by the terms of another statute to which our attention is directed by the learned counsel for appellant.

IV. The statute relied upon is section 6944, Revised Statutes 1909, and in substance and as far as material provides that a policy made payable to the wife of the insured "shall inure to her separate benefit, independently of the creditors, executors and administrators of the husband." The design of this statute was to affect the *quality* of the estate given to the wife by virtue of her being a beneficiary in the policy and to make whatever should come to her thereunder, a part of her separate estate and exempt from the claims of the creditors of her deceased husband. It was not the design of the statute to disable the husband in the making of his contract, from entering into an agreement which would render the interest of his wife, as beneficiary, wholly contingent upon the non-exercise of such powers as were reserved to the insured under the conventional and statutory terms of the present policy. The statute did not intend nor provide, nor could it be rationally construed, that the husband should not have full liberty to contract with reference to the interest which he might desire to give to his wife as beneficiary in a policy upon his life. It only provides that whatever contract he does make—whether giving her an absolute or a conditional interest—shall result in making that interest, if it ever accrues to the wife, a part of her separate estate. [Clarkston v. Ins. Co., 190 Mo. App. l. c. 631, and cases cited; Hilliard v. Life Ins. Co., 117 N. W. 999; Hopkins v. Hopkins, 17 S. W. 865.]

> *Wife's Separate Estate.*

Our conclusion is that the judgment in this case under the conceded facts is correct. It is, therefore, affirmed. All concur.