**MORGAN v. PENN MUT. LIFE INS. CO.**

No. 10997.

Circuit Court of Appeals, Eighth Circuit.

Jan. 29, 1938.

Edward D'Arcy of St. Louis, Mo., for appellant.

James C. Jones, Jr., of St. Louis, Mo. (James C. Jones and Lon O. Hocker, both of St. Louis, Mo., John M. Huebner, of Philadelphia, Pa., and Jones, Hocker, Gladney & Grand, of St. Louis, Mo., on the brief), for appellee.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by appellant as plaintiff below to recover on a policy of life insurance issued by appellee to her father, Arthur E. Bingham, and in which she was named as beneficiary. The petition was in conventional form. The answer admitted the execution and delivery of the policy, the death of the insured, and the making of proper proof of death, but alleged that the policy contained provision that the insured should have full power to change the beneficiary, and that the insured, in consideration of the payment to him of $9,234.-44, surrendered to the insurance company "that portion of the policy or combination annuity bond under which the defendant agreed, upon the death of the said Arthur E. Bingham, to pay to the plaintiff the sum of $15,000.00," and hence at the time of his death the policy was no longer in effect, but had been surrendered up and canceled.

The action was tried upon an agreed statement of facts. At the close of the evidence, each of the parties moved for a directed verdict. The request for a directed verdict by plaintiff was overruled, and that of the defendant was sustained. Judgment was accordingly entered, dismissing plaintiff's action on the merits, and from the judgment thus entered appellant prosecutes this appeal. We shall refer to the parties as they were designated in the lower court.

The sole question presented is whether the court erred in granting defendant's motion for a directed verdict. Both parties having moved for a directed verdict, the question on appeal is whether the verdict as directed is sustained by substantial evidence.

On July 17, 1903, defendant issued and delivered to Arthur E. Bingham, plaintiff's father, its policy of combination annuity bond, under which, at death, benefits were made payable to plaintiff in the principal sum of $15,000. The policy also provided for payment to the insured during his lifetime of a certain annuity. The policy con-

tained a clause authorizing the insured to change the beneficiary; in fact, the insured, in his application, which was attached to and made a part of the policy, reserved this right. In this regard the policy provided as follows: "Arthur E. Bingham, the insured, shall have full power while this policy is in force and not previously assigned, to name a new payee to receive in place of Madeline, his daughter, the instalments as they fall due hereunder, which by the terms of this contract are now payable to her, such change shall be made by instrument in writing and shall take effect only upon its endorsement upon the policy by the Company at its Home Office."

The policy contained a table of loan values available to the insured upon an assignment by him of the policy to the company as collateral security.

The policy was issued for a single premium paid by the insured at the time in the amount of $16,322.59. It should also be observed that the policy in fact embodied three contracts: (1) An annuity of $600, payable to Arthur E. Bingham in quarter annual installments of $150 each during his lifetime; (2) a contract of life insurance in which the company agreed to pay the sum of $15,000 to the plaintiff as beneficiary upon the death of the insured; and (3) an agreement for a deferred annuity if the plaintiff should live to receive the 100 quarterly installments provided for under the life insurance benefit.

In June, 1934, the insured, after some negotiations and correspondence between himself and the insurance company, surrendered the life insurance benefit of the policy in consideration of the payment to him of $9,234.44, and on September 7, 1934, in connection with this settlement, he executed the following written agreement:

"I hereby surrender to The Penn Mutual Life Insurance Company of Philadelphia, Pennsylvania, all right, title and interest in the Single Payment Life portion of the above policy for a cash value of $9,234.44 * * * to be paid to the undersigned in cash.

"In this transaction the said Policy is to be returned to the said Company for endorsement showing the surrender of the above (for) $9,234.44 and the Annuity Bond portion of the policy is to be continued, paying quarterly instalments due the first of July, October, January and April of $150.00 each, to Arthur E. Bingham (the annuitant) during his lifetime; and the Continuous Instalments will be payable quarterly for $150.00 each, commencing 25 years after the death of Arthur E. Bingham (the insured), provided Madeline B. Morgan, the beneficiary, be then living."

The insurance company paid the insured the agreed sum of $9,234.44 and placed an endorsement on the policy of the surrender of the life insurance benefit to the company in consideration of this payment, which was the full amount of the reserve on the life insurance benefit of the policy at the date of its surrender.

The plaintiff did not know of the surrender of the life insurance benefit until after the death of the insured, and, of course, did not consent to nor approve the same. The insured died March 20, 1935.

As has been observed, the policy reserved to the insured the right to change the beneficiary, and it also reserved to him the right of assignment. There is no claim that the plaintiff as beneficiary, with the knowledge of the company or otherwise, paid any part of the premium, nor that by contract with the insured she had acquired a vested right in the insurance policy with knowledge of the company. Where no right is reserved in the policy to change the beneficiary without his consent, the policy confers immediately upon its issue a vested right in the beneficiary that cannot be defeated by assignment or transfer without his consent, but it is equally well settled by controlling authority in the national courts that, where the policy by its terms gives the insured the right to change the beneficiary or assign the policy, the beneficiary takes only a contingent interest therein in the nature of an expectancy. Supreme Council of Royal Arcanum v. Behrend, 247 U.S. 394, 38 S.Ct. 522, 524, 62 L.Ed. 1182, 1 A.L.R. 966; Self v. New York Life Ins. Co., 8 Cir., 56 F.2d 364, 366; Kincaid v. New York Life Ins. Co., 5 Cir., 66 F.2d 268; Southern Lumber Co. v. Pearce, 5 Cir., 60 F.2d 477; Donnelly v. Northwestern Life Ins. Co., 5 Cir., 59 F.2d 46; McKinney v. Fidelity Mutual Life Ins. Co., 270 Mo. 305, 193 S.W. 564, 566; Rosman v. Travelers' Ins. Co., 127 Md. 689, 96 A. 875, Ann.Cas. 1918C, 1047.

The rule is stated by the Supreme Court in Supreme Council of Royal Arcanum v. Behrend, supra, as follows: "In the absence of a special provision of law or of a rule of the association to the contrary, the naming of a person as beneficiary in the benefit certificate of a fraternal benefit as-

sociation confers not a vested right, but an expectancy merely which may be defeated at any time by act of the insured member."

The same rule is announced by this court in Self v. New York Life Insurance Company, supra, where, in an opinion by the late Judge Kenyon, it is said: "However, notwithstanding this, we may say that there was the right in the policy for insured to change the beneficiary (stipulation covering this has been filed in this court); therefore, the beneficiary had no vested interest in the policy."

The same rule prevails in Missouri. Thus, in McKinney v. Fidelity Mutual Life Insurance Company, supra, in discussing the effect of the reserved right to change the beneficiary, it is said: "Whether it [the right to change the beneficiary] arises by convention or from the nature of the insurance, the beneficiary to be affected by its exercise has a conditional interest only in the policy proceeds, while the power to change such beneficiary continues to exist."

But it is urged by plaintiff that, while the policy gave the insured the power to change the beneficiary, this would not entitle him to surrender the policy without the consent of the beneficiary. Plaintiff's contention is based upon the erroneous assumption that the beneficiary acquired a vested interest. She acquired, however, a mere expectancy. The policy itself reserved to the insured the absolute right to change the beneficiary or to assign. Bearing in mind that the plaintiff had no vested right in the policy, it seems logically to follow that it was no concern of hers what disposition insured made of it.

Irrespective of any provision in the policy as to cancellation, it may be canceled by mutual agreement so as to terminate the rights and obligations of the parties, if there are no vested rights in the beneficiary or other third party. But, where the policy itself reserves to the insured the unconditional right to change the beneficiary, and also the right to assign the policy, there would seem to be no doubt of his right to surrender it upon such consideration as should meet his approval. Hopkins v. Northwestern Life Assur. Co., 3 Cir., 99 F. 199, 202; Malone v. Cohn, 5 Cir., 236 F. 882; Carnes v. Franklin Life Ins. Co., 5 Cir., 81 F.2d 800, 804; Aetna Life Ins. Co. v. Phillips, 10 Cir., 69 F.2d 901; Rawls v. Penn Mutual Life Ins. Co., 5 Cir., 253 F.

725; Mutual Benefit Life Ins. Co. v. Swett, 6 Cir., 222 F. 200, Ann.Cas.1917B, 298. The insured, under the terms of this policy, had complete control and dominion of it, and, under such circumstances, the beneficiary, having a mere expectancy, could have no interest nor concern in the method or means employed by the insured in making disposition of his own property. As said in Supreme Council of Royal Arcanum v. Behrend, supra, this expectancy "may be defeated at any time by act of the insured member." The "act of the insured member" is not confined to a formal change of beneficiary. The rights of a beneficiary under such a policy is somewhat analogous to those of a beneficiary under a will. As in the case of a will, this provision in the policy became effective only at the death of the insured. If, under will, a legatee were given specifically described property, this would not prevent the testator in his lifetime from disposing of that property and thus render the devise inoperative. Neither would it prevent the testator from changing the provisions of his will by codicil or by the making of a new will, so as to defeat the original potential gift to the named beneficiary. An express intention to make a gift may always be rendered nugatory by withdrawal or cancellation of such express intention before delivery of the gift.

In Hopkins v. Northwestern Life Assurance Company, supra, insured, without the knowledge of the beneficiary, surrendered a policy in which he had reserved the right to change the beneficiary, taking a new policy and naming a different beneficiary. In the course of the opinion it is, among other things, said: "The control over the contract of insurance given to the insured, independent of the will of the beneficiary, makes impossible the existence of such permanent or vested interest in such beneficiary during the lifetime of the insured. The right of the beneficiary is inchoate, and a mere expectancy, during such lifetime, and does not become vested until the death of the insured happens with the policy unchanged. In this view the original policy was effectually surrendered and canceled by the agreement of December 8, 1897, and the issuance of the new certificate or policy on that date."

Whether a policy be surrendered and canceled in exchange for another policy naming a different beneficiary, or be surrendered and canceled upon payment of its

132

cash surrender value, cannot be material so far as third parties are concerned.

In Carnes v. Franklin Life Ins. Co., supra, the court had under consideration a policy which reserved to the insured the right to change the beneficiary. In the course of the opinion it is said: "Under the policy now in question, the insured had an unrestricted right to change the beneficiary in any way assented to by the insurer. This being so, the appellant had no vested right in the policy, and she is without right to challenge the above set out instrument whereby the insured, with the consent of the insurer, assigned that policy to the appellee, and conferred on the latter unrestricted power over the policy, including the right 'to execute a valid surrender of said policy and collect and receipt for the proceeds thereof at any time for the sole use and benefit of said assignee.'"

If the policy might be thus assigned, it might also be surrendered. Ordinarily, what may be done indirectly may be done directly. To hold otherwise would be to regard form rather than substance.

There are some authorities sustaining the contention of the plaintiff, but they are in the minority, and we feel constrained to follow the controlling decisions of the national courts.

The judgment appealed from is therefore affirmed.