## ANDREWS v. ANDREWS.
### No. 11048.

Circuit Court of Appeals, Eighth Circuit.

July 1, 1938.

Leslie J. Lyons, of Kansas City, Mo. (Donald E. Lyons and Hoyt A. Poorman, both of Kansas City, Mo., on the brief), for appellant.

Paul V. Barnett, of Kansas City, Mo. (Henry N. Ess, Charles E. Whittaker, and Watson, Ess, Groner, Barnett & Whittaker, all of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

486

GARDNER, Circuit Judge.

This is a proceeding in equity initiated by the New England Mutual Life Insurance Company, of Boston, Massachusetts, by the filing of a bill of interpleader under Act of Congress of January 20, 1936 (28 U.S.C.A § 41, subd. 26), naming as adverse claimants Cecille Andrews as Executrix of the last will and testament of Vernon D. Andrews, deceased, and Luella D. Andrews, the appellant and appellee respectively herein, for the purpose of enjoining the named defendants from instituting or prosecuting any suit against the insurance company on account of three life insurance policies issued by said company on the life of Vernon D. Andrews, who died March 13, 1937, while said policies were in full force and effect, and for the purpose of having determined the ownership of the proceeds of these policies which were fully described in the bill of complaint. Upon the filing of the bill of complaint, the insurance company deposited in the registry of the court $3,-410.40; the aggregate amount due on the policies. An interlocutory decree was thereupon entered and the insurance company was discharged.

The claimants filed their respective answers, each claiming ownership in the proceeds of the policies. Luella D. Andrews bottomed her claim on the fact that the policies were made payable to her, she being named therein as the beneficiary. Cecille Andrews, as executrix, conceding that the policies on their face were payable to Luella D. Andrews, contended that Luella D. Andrews was precluded from asserting ownership in herself because of a contract of property settlement entered into between herself and the deceased in anticipation of a divorce. The lower court found the issues in favor of Luella D. Andrews, and from the decree entered Cecille Andrews as executrix prosecutes this appeal.

It appears from the findings of the court or the undisputed evidence that Vernon D. Andrews, the insured, and Luella D. Andrews were husband and wife, living together as such, when the policies in controversy were taken out. They lived together as husband and wife for upwards of twenty years, and they had four children. During this time Vernon D. Andrews had taken out at least six life insurance policies, including the three here involved. In all six of these policies he designated his wife, Luella D. Andrews, as beneficiary, but he reserved the right to change the beneficiary without her consent in all of the policies. These policies provided that at Mr. Andrews' death, the benefits thereunder should be payable "to his wife, Luella D. Andrews, if she shall survive him, otherwise to his executors, administrators or assigns." On July 27, 1932, Andrews and his wife, Luella, entered into a contract which recited, among other things, that certain "unhappy marital difficulties have occurred so that the parties can no longer live together," and that Luella D. Andrews "contemplates commencing divorce proceedings against second party in the District Court of Lancaster County, Nebraska." A decree of divorce was entered March 2, 1933, giving Luella D. Andrews custody of the four children and approving the property settlement between the parties. This contract recited that the parties desired to settle and adjust their property rights subject to the approval of the court, and that the property awarded to each should be free and clear of any claim of the other party. The contract disclosed that indebtedness had been incurred, payment of which was secured by liens upon certain specific properties; that money had been borrowed by Mr. Andrews from the insurance companies and the companies retained liens as security. It also set out that "all properties herein enumerated to be retained by either party shall be retained by said party subject to any encumbrance thereon or indebtedness thereon contracted by either of said respective parties, which said indebtedness the party receiving the same assumes and agrees to pay."

Each of the parties was represented by counsel in the drawing of the contract. The insurance policies were not specifically mentioned, but all of the six policies, including those here in controversy, remained in Mr. Andrews' possession, and he paid the premiums thereon. After the decree of divorce, Mr. Andrews changed the beneficiary in the three policies not here involved from Luella D. Andrews to his estate. He did not, however, change the beneficiary in any of the three policies here involved.

The contract between Mr. Andrews and Luella D. Andrews contained provision that, "Second party (Mr. Andrews) shall retain as his own property any notes, insurance, accounts, securities or mortgages

made payable to him and in his possession."

The fact that Luella D. Andrews, subsequent to the issuance of these insurance policies, obtained a divorce before the death of the insured would not be a barrier to her right of recovery. Connecticut Mutual Life Ins. Co. v. Schaefer, 94 U.S. 457, 24 L.Ed. 251; Filley v. Illinois Life Ins. Co., 91 Kan. 220, 137 P. 793, L.R.A.1915D, 130; Wallace v. Mutual Benefit Life Ins. Co., 97 Minn. 27, 106 N.W. 84, 3 L.R.A.,N.S., 478; Blum v. New York Life Ins. Co., 197 Mo. 513, 95 S.W. 317, 8 L.R.A.,N.S., 923, 7 Ann.Cas. 1021. This general rule has not been modified by any applicable local statute or state decision. It is therefore necessary to consider whether her contract with Vernon D. Andrews and the provisions of the decree of divorce had the effect of assigning her contingent interest to her husband. It is conceded that the contract contains no specific words of assignment. The policies reserved to the insured the right to change the beneficiary. This being true, in the absence of local statute or state decision to the contrary, the beneficiary had no vested right in them until the death of the insured. Morgan v. Penn Mutual Life Ins. Co., 8 Cir., 94 F.2d 129; McKinney v. Fidelity Mutual Ins. Co., 270 Mo. 305, 193 S.W. 564; Rosman v. Travelers' Ins. Co. 127 Md. 689, 96 A. 875, Ann.Cas.1918C, 1047. But when the insured died, without having changed the beneficiary, the rights under the policies became vested. White v. United States, D.C., 299 F. 855; Cohen v. Samuels, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143; Langdeau v. John Hancock Mutual Life Ins. Co., 194 Mass. 56, 80 N.E. 452, 18 L.R.A., N.S., 1190.

The property settlement contract relied upon by appellant provides, among other things, that: "Second party shall retain as his own property any notes, insurance, accounts, securities or mortgages made payable to him and in his possession except that second party shall assign and endorse without recourse to the first party note of Ray Troxel in the sum of $250 on which is a balance due of $150 and interest, which is secured by a chattel mortgage on the cafe formerly known as Ray's Inn. And second party shall likewise assign and endorse without recourse to first party the note of Howard W. Ramey, dated May 19, 1932, in the sum of $300, subject to garage bill for repairs and supplies heretofore contracted."

It is urged by appellant that this provision of the contract effected an equitable assignment to Mr. Andrews of all rights of Luella D. Andrews under these policies in which she was named as beneficiary. But there is nothing in this paragraph which indicates any intent so to do. The policies here involved were not "made payable to him." He had possession of the policies, continued to pay the premiums thereon, and had the absolute right to change the beneficiary. The contract furnishes no basis for the contention that Luella D. Andrews should not be continued as beneficiary in these policies. It certainly did not provide that she should assign or transfer any rights that might accrue to her as beneficiary, and, as we have said, her interest was contingent until the time of the death of Mr. Andrews and the right to make change rested with him. Under this provision of the contract, whatever was payable to Mr. Andrews was retained by him as his own property. But, as we have observed, these policies were not "made payable to him."

It is to be noted that the contract contains the word "assign," first, in connection with the Troxel note, and again in connection with the Ramey note. It is apparent that when the parties wished to effect an assignment that intention was manifested by the use of the word "assign." No word of the contract can be pointed to as indicating an intention to assign Luella D. Andrews' contingent interest in these insurance policies. Much is sought to be made of the use of the words "shall retain," but this could not well be construed to mean that Mr. Andrews was to take over and retain the contingent right of Luella D. Andrews in these policies. This he might do at any time without her permission, by simply changing the name of the beneficiary. Neither do the surrounding circumstances, nor the conduct of the parties, lend any support to appellant's contention. Andrews in fact changed the beneficiary in other policies from Luella D. Andrews to his estate. Manifestly, as to those policies he was not relying on the contract of property settlement. We must assume that he knew that the death benefits in the policies here involved would, unless he changed the name of the beneficiary, go to Luella D. Andrews. With this knowledge,

he not only refrained from making any change, but he continued to pay the premiums. And there are other circumstances. Luella D. Andrews had been his wife for some twenty years; she was the mother of his four children.

The contract, read and considered in the light of the circumstances existing at the time of its execution, and the acts of Mr. Andrews subsequent thereto, can not be construed as indicating any intention on his part to take from Luella D. Andrews her contingent right or interest in these policies and turn it over to his estate or to his second wife.

The decree appealed from is therefore affirmed.