## NANCE et al. v. HILLIARD et al.

### No. 11204.

Circuit Court of Appeals, Eighth Circuit.

Feb. 23, 1939.

Rehearing Denied March 16, 1939.

George L. Vaughn, of St. Louis, Mo., for appellants.

Waldo C. Mayfield, of St. Louis, Mo. (Bartley & Mayfield, of St. Louis, Mo., on the brief), for appellees.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

GARDNER, Circuit Judge.

This is a proceeding instituted by the Metropolitan Life Insurance Company by the filing of a bill of interpleader pursuant to Act of Congress of January 20, 1936, 28 U.S.C.A. § 41, subd. (26), naming as adverse claimants the appellants and appellees respectively, for the purpose of enjoining the named defendants therein from instituting or prosecuting any suit against the insurance company on account of a life insurance policy issued by said company on the life of Nathan Nance, Jr., who died October 9, 1936, while said policy was in full force and effect, and for the purpose of having determined the ownership of the proceeds of said policy. Upon the filing of this bill of interpleader the insurance company deposited in the registry of the court the sum of $5,012.90, the amount due on the policy, and thereupon an interlocutory decree was entered discharging the insurance company.

Mildred H. Nance, wife of the insured, was named as the beneficiary in the policy. Having died subsequent to the death of her husband, Nathan Nance, Jr., her personal representative, Minnie Lee Hilliard, who was also the testamentary guardian of the minor child, Anita Nance, filed answer, claiming the proceeds on behalf of the estate of the named beneficiary, Mildred H. Nance, deceased. The defendants, Creston Nance, individually and as executor under the will of Nathan Nance, Jr., deceased, and Betty Nance, mother of the deceased, Nathan Nance, Jr., filed a joint answer, alleging that deceased had taken such action in his lifetime as effected a change in the beneficiary named in the policy, and that therefore Creston Nance, as executor under the will of the insured, was entitled to the proceeds; that the policy reserved to the insured the right to change the beneficiary "by filing written notice at the home office accompanied by this policy for indorsement of the change thereon by the company;" that the insured applied to the local office of the insurance company in St. Louis, Missouri, to have the beneficiary changed from Mildred H. Nance to the estate of the insured, and that this request was repeated from time to time; that shortly after the 15th of June, 1936, the date at which it is alleged request for change of beneficiary was made at the local office of the insurance company, the insured wrote a letter to the company at its home office in New York City, requesting change of the beneficiary, and informing the company that the policy was in the hands of the named beneficiary, Mildred H. Nance, and for that reason the insured was unable to surrender it; that despairing of securing a change in the beneficiary, he executed and published his will on July 16, 1936, wherein he made provision that the proceeds of the policy should be divided, $500 to go to his brother, Creston Nance, $1,000 to his mother, Betty Nance, $2,000 to his daughter, Anita Nance, and the residue, after the payment of all debts and funeral expenses, to his wife. They prayed that the court decree a change in the beneficiary "in accordance with the said desire and request of the insured," and that the proceeds be awarded to Creston Nance as executor, to be distributed in accordance with the provisions of the will of the insured.

The lower court made findings of fact and conclusions of law resolving the issues in favor of the appellees and entered decree awarding the proceeds of the estate to Minnie Lee Hilliard as executrix under the will of Mildred H. Nance, deceased, and also as testamentary guardian of Anita Nance.

Appellants seek reversal on the ground that the insured had disclosed his intention and desire to change the beneficiary and that he had done all that was in his power, under the disclosed circumstances, to effect such change, but that the consummation of his purpose was thwarted by the acts of the beneficiary, and hence, the court should have decreed as done that which ought to have been done and awarded the proceeds in accordance with the direction of the insured, as expressed in his will.

As the policy reserved to the insured the right to change the beneficiary, she had no vested interest in the policy, but a mere expectancy. Supreme Council of Royal Arcanum v. Behrend 247 U.S. 394, 38 S.Ct. 522, 62 L.Ed. 1182, 1 A.L.R. 966; McKinney v. Fidelity Mutual Life Ins. Co., 270 Mo. 305, 193 S.W. 564; Robinson v. New York Life Ins. Co., 168

Mo.App. 259, 153 S.W. 534; Morgan v. Penn Mutual Life Ins. Co., 8 Cir., 94 F.2d 129; Andrews v. Andrews, 8 Cir., 97 F.2d 485. On the death of the insured, however, she became vested with the absolute right of recovery unless in the meantime a change in the beneficiary had been effected. Cohen v. Samuels, 245 U.S. 50, 38 S. Ct. 36, 62 L.Ed. 143; Andrews v. Andrews, supra. The policy provided the manner in which a change might be effected. Ordinarily, the mode prescribed by the policy must be substantially complied with. McKinney v. Fidelity & Mutual Ins. Co., supra; Carter v. Thornton, 8 Cir., 93 F.2d 529; Grand Lodge v. McFadden, 213 Mo. 269, 111 S.W. 1172.

 It is conceded that the insured did not follow the method prescribed by the policy in an attempt to secure a change in the beneficiary. It can not be said that he filed a written notice at the home office definitely requesting a change, and confessedly, the policy was not sent to the home office with request that endorsement of the change be made thereon. But it is here claimed that the insured did everything in his power to effect a change of beneficiary. Had he in fact done all that was in his power to effect the change, equity would recognize the change as effected, notwithstanding the fact that all of the provisions for change had not been literally complied with. Grand Lodge v. McFadden, supra. The lower court, however, specifically found not only that he had not made application for the change as provided in the policy, but that he had not "done everything within his power to effect the change in accordance with the terms of the policy." This finding of the court is presumptively correct and will ordinarily be sustained if supported by substantial evidence.

 In support of the claim that insured did all within his power under the circumstances to secure a change of the beneficiary, great stress is placed upon the provisions of his will, and we are also referred to certain correspondence which he had with the insurance company. We shall first consider what, if any, effect should be given to the will.

It is not claimed that the insurance company had any notice of the execution of this document. It bears date July 16, 1936. Confessedly, at that time no actual change in the beneficiary had been effected, and the policy on its face remained

payable to insured's wife up to the time of his death. The will, of course, was effective only upon the death of the testator. The right to the proceeds of this policy vested in the named beneficiary on the death of the insured, and hence, they did not become any part of insured's estate and were not subject to administration. But it is claimed that the acts done by the insured, aside from the execution of this will, were such as to require a court of equity under the maxim that "equity regards that as done which ought to be done," to hold that the insured had complied with all the requirements of the policy within his power for the purpose of making a change of beneficiary, and that the change had therefore been accomplished. We turn, therefore, to the correspondence.

 Under date July 22, 1936, six days after the will had been executed, insured wrote the following letter:

"Koch, Mo.
"July 22, 1936.
"Mr. Frederick H. Ecker, Supt. Metropolitan Life Ins. Co., New York City, N. Y.

"Dear Sir: My policy—a $5,000 twenty-year pay, No. 7865618-A has been lost or misplaced or stolen. There seems to be a click conspiring to beat me out of it. Will you send me the ·necessary papers for a reissue of said policy and change of beneficiary. I want my mother Mrs. Betty Nance.

"Please attend to this at once.
"Yours truly,
"Nathan Nance, Jr."

It will be noted that this was a decided departure from the terms of the will so far as it designated a change of beneficiary.

Under date July 28, 1936, the manager of the insurance company wrote in answer to the above letter as follows:

"July 28, 1936.
"Policy No. 7865618-A
"Fairfax, Mo.
"Bene. & Assign. Sol.,
"Mr. Nathan S. Nance, Jr., Koch, Mo.

"Dear Sir: This is an acknowledgment of your letter of July 22nd, addressed to the attention of Mr. Frederick H. Ecker.

"In your letter, you state that your $5,000 policy, No. 7865618-A, has been lost or misplaced and from what you say further in your letter, it might appear that

this policy is being held by some party or parties who apparently have no right to it. If you will be good enough to give us more information concerning the loss of this policy, we shall be glad to advise you as to what can be done."

Under date July 30, 1936, the insured, in reply to the last mentioned letter, wrote as follows:

"Koch, Mo.
"July 30, 1936

"Mr. A. Solvay, Mgr. of Beneficiary & Assignment Section, Metropolitan Life Insurance Co.

"Dear Sir: A little more than 2 years ago I became sick. My wife stole my policy—she feared I would change the beneficiary—I didn't have that in mind; and I didn't bother her about the policy until she deserted me after I got into the hospital. She fell in love with another man, a Dr. H. E. Hampton. This man is a friend of the manager of the branch office head at 1410 S. Jefferson. She and this man told the management that I was crazy and they tried to have me locked up as crazy so that they could beat me out of my policy. The collector, Mr. Lunn turned against me also. I've tried to get my policy in every way. I have—I wrote a will on the policy on the advice of a lawyer. I have tried to get a divorce but so far the click has bought out every lawyer I have hired. I have been too sick to follow up my first efforts. I'm doing nicely now. Such a manager and collector is a disgrace to your company. Let me know by return mail what steps to take to get my policy.

"Yours truly,
"Nathan S. Nance, Jr."

It may be observed in passing that there was no evidence proving or tending to prove any of the charges contained in this letter. There is no evidence that the insured ever made any demand upon the beneficiary for the policy or that he made any effort to get possession of it. In the absence of such evidence, the bald self-serving declaration of the insured was entirely without probative force.

The insurance company notified insured that they would have one of their representatives call upon him and this was done. This representative made report to the company. Apparently at the time this representative called upon insured, he desired his mother and child named as beneficiaries. This third expression of his desire to change beneficiary was unlike either of the other two, and it seems to have been made under date July 30, 1936. From these three inconsistent expressions of desire for change of beneficiary, a court of equity could not have determined what change in beneficiary was in fact desired by the insured. He at no time made it clear to the insurance company what change he in fact desired. It appears from the record that he had the benefit of legal advice, and hence was not acting in ignorance of his rights. At no time did he ever request or give instructions to change the beneficiary to his estate. He made no effort to secure the policy and submit it to the company for formal change. There was not a substantial compliance with the provision of the policy prescribing the method of securing a change in beneficiary.

We are of the view that not only are the findings and decree sustained by substantial evidence, but that the evidence would sustain no other decree than that entered. The decree appealed from is therefore affirmed.