**SMITH v. SMITH.**

No. 5579.

District Court, E. D. Missouri, E. D.

June 18, 1948.

David J. Tompkins, of St. Louis, Mo., for plaintiff.

Fred J. Hoffmeister and Fred C. Schillinger, both of St. Louis, Mo., for defendant.

HULEN, District Judge.

Memorandum Under Rule 52, Federal Rules of Civil Procedure, as Amended, 28 U.S.C.A. following section 723c.

Plaintiff by complaint in two counts seeks judgment for $5,171.61, proceeds of an insurance income certificate issued to Charles R. Smith. Defendant was named contingent payee in the income certificate and on death of Charles R. Smith received from the insurance company the amount here in controversy in settlement of the income certificate. Plaintiff bases her claim on the terms of a will executed by Charles R. Smith under the provisions of which, it is alleged, the testator changed the contingent payee in the income certificate from defendant to plaintiff. Jurisdiction results from diversity.

The first count of the complaint is based on the theory of money had and received. The second count charges defendant received the proceeds of the income certificate under conditions which constituted her a constructive trustee for plaintiff and defendant should account for and pay over the money so received to plaintiff.

The case was submitted on the following agreed facts:

"Plaintiff, Katharine H. Smith, is a resident of Evanston, Illinois, and Defendant, Maryan R. Smith, is a resident of the City of St. Louis, Missouri. The amount involved and sought to be recovered by plaintiff is more than the sum of $3,000.00, exclusive of interest and costs.

"The defendant, Maryan R. Smith, is the daughter-in-law of one Charles R. Smith who died testate, a resident of Kirkwood, Missouri, on or about February 1, 1946. The Will of Charles R. Smith was duly probated in the Probate Court of St. Louis County, Missouri. The Will as presented to the Probate Court contained certain erasures and deletions by lines being drawn through certain clauses and phrases thereof, but the Probate Court fully probated the Will and held the erasures and attempted deletions to be improper and of no avail. The defendant, Maryan R. Smith, was the duly qualified Executrix under said Will. Final Settlement of decedent's estate has been made.

"Charles R. Smith, during his lifetime, purchased from the New England Mutual Life Insurance Company of Boston, an insurance policy, dated May 3, 1890, being No. 88768, which policy matured on May 3, 1938 as an endowment, at which time Charles R. Smith took advantage of the fourth option granted in said policy and left the proceeds of the policy in the hands of the Company so that the said Charles R. Smith might receive the interest realized therefrom annually. The New England Mutual Life Insurance Company, on May 3, 1938, issued to Charles R. Smith a document known as an income certificate, being No. 6557, which certificate was issued in lieu of the policy hereinbefore mentioned. The income certificate issued to Charles R. Smith provided that he was to receive the annual interest with principal to be paid to certain named contingent beneficiaries, as more clearly set forth hereinafter. That on the date of the death of Charles R. Smith, the New England Mutual Life Insurance Company had on deposit to his credit a principal sum of $5,033.35 and interest in the amount of $138.26, making a total sum of $5,171.61.

"Charles R. Smith, the insured, by the terms of said income certificate, copy of which certificate is attached hereto and made a part of this Agreed Statement of Facts, reserved the right to change or revoke the appointment of the contingent payee or beneficiary upon request made in writing and the presentation of the certificate for indorsement. That he did on July 3, 1942, name and appoint Defendant, Maryan R. Smith as contingent payee under said income certificate which entitled her to receive the proceeds of said certificate on deposit with the Company at the time of the death of Charles R. Smith, provided that no further change of contingent payee or beneficiary was made by the said Charles R. Smith. After his death, Maryan R. Smith, Defendant, presented said income certificate to the Company for payment and received payment from the Company in the

sum of $5171.61, the amount on deposit including interest.

"The Seventh clause of the Will of Charles R. Smith, copy of which it attached, is in words as follows:

"'My sister, Katharine H. Smith, has been taken care of by my life insurance policies payable at my death, thereby I leave her nothing.'

"That at the time of Decedent's death, Katharine H. Smith was named beneficiary in three policies of the Decedent and received the proceeds of these three policies, a total of $6042.87."

■ In addition to the stipulated facts we find plaintiff has failed to sustain the burden of proof, that by the "Seventh" paragraph of the will of Charles R. Smith he revoked and changed the contingent payee named in income certificate No. 6557, by appointing and designating the plaintiff as contingent beneficiary in said income certificate, instead of defendant. As we read the will, and particularly with reference to the meaning of the Seventh paragraph, it appears plain to us the testator was not thereby (Seventh paragraph) making any disposition of property owned or subject to his control, but was simply explaining why by the will he left nothing to his sister, plaintiff in this action.

We agree with plaintiff it was not necessary that plaintiff be named in the will, but it frequently happens a testator desires to offer some explanation, in the will itself, why certain members of his family are given bequests and others receive nothing. This is all that paragraph Seventh of the will does in our opinion. A testator has a right to do this. His action in so doing is not so unnatural as to suggest or require we look for some other meaning hidden in the terms of the instrument, rather than give construction to the words used as they are understood by laymen and courts alike. The testator had made plaintiff beneficiary in three insurance policies totaling $6,042.82. This may or may not have been known to those named in the will. The testator wanted it known and as the reason why the plaintiff was receiving nothing by the will. We think it obvious that by paragraph Seventh of the will a past event only is referred to. We can find nothing in the words used indicating a present—that is as of the date of the execution of the will—intention to perform some act disposing of testator's property or to make disposition thereof on the probating of the will. We cannot find in the language used that it was the true intent of the testator to change the beneficiary of income certificate No. 6557.

■ But if we were to construe the will, and paragraph Seventh particularly, as constituting a desire and intent upon the part of the testator to change the beneficiary in the income certificate, plaintiff's case still must fail on authority of Nance v. Hilliard, 8 Cir., 1939, 101 F.2d 957.* Under such a finding the Nance case bears direct. We quote (loc. cit. 959):

"It is not claimed that the insurance company had any notice of the execution of this document. It bears date July 16, 1936. Confessedly, at that time no actual change in the beneficiary had been effected, and the policy on its face remained payable to insured's wife up to the time of his death. The will, of course, was effective only upon the death of the testator. The right to the proceeds of this policy vested in the named beneficiary on the death of the insured, and hence, they did not become any part of insured's estate and were not subject to administration."

■ We cannot make out the terms of the income certificate from the photostat exhibit filed with the agreed statement, but the conditions for change of beneficiary are set forth in the agreed statement that Charles R. Smith "reserved the right to change or revoke the appointment of the contingent payee or beneficiary upon request made in writing and the presentation of the certificate for indorsement" to the insurance company. There is no claim Charles R. Smith attempted to comply with the terms of the income certificate for changing beneficiary. Therefore plaintiff does not bring her case within the rule that where a policy holder in fact does all that

---

* For approval by the Supreme Court of Missouri, see Priedeman v. Jamison, 202 S.W. 2d 900.

is within his power to effect the change, equity would recognize the change as effected notwithstanding the fact that all of the provisions for change have not been complied with.

The Court has jurisdiction of this cause. Under the facts as we find them and our conclusions on the law plaintiff cannot recover on either count of her complaint and defendant is entitled to judgment. Let form of judgment be settled and presented accordingly.

Note: Under amendment to Federal Rules of Civil Procedure Rule 52(a), 28 U.S.C.A. following section 723c, opinion may now contain findings of fact and conclusions of law and it was the purpose of the writer to so prepare this memorandum. If counsel observe any omission, a submission may be made.