**SMITH v. SMITH.**

No. 13824.

United States Court of Appeals Eighth Circuit.

Feb. 17, 1949.

Judgment affirmed.

David J. Tompkins, of St. Louis, Mo., for appellant.

Fred J. Hoffmeister, of St. Louis, Mo. (Fred C. Schillinger, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This is a controversy over the proceeds of an "income certificate" issued by the New England Mutual Life Insurance Company to Charles R. Smith. A $5,000 endowment policy issued by the Company to him on May 3, 1890, had matured on May 3, 1938. He elected to leave the proceeds of the policy on deposit with the Company under an income certificate issued by it, which entitled him, as payee, to receive interest annually and to have the principal paid upon his death to a contingent payee or beneficiary designated by him. He reserved the right to change the beneficiary of the certificate "upon due request made in writing and the presentation of the certificate for endorsement." On July 3, 1942, he duly designated his daughter-in-law, Maryan R. Smith, as the beneficiary of the certificate. He died testate, a resident of Kirkwood, Missouri, on February 1, 1946.

Maryan R. Smith, who was also a resident of Missouri, was named as executrix of his will, which he executed July 31, 1943, and which was admitted to probate in the Probate Court of St. Louis County, Missouri. The New England Mutual Life Insurance Company, at the time of the death of Charles R. Smith, had on deposit to his credit $5,171.61, which it paid to Maryan R. Smith as beneficiary of the income certificate evidencing the deposit and her right to it.

The will of Charles R. Smith contained a "Seventh" clause reading as follows: "My sister Katharine H. Smith, has been taken care of by my life insurance policies payable at my death, therefore, I leave her nothing." At the time of the testator's death, his sister was the beneficiary of three policies of insurance on his life, and she received the proceeds of them, aggregating $6,042.87. She brought this action against Maryan R. Smith upon the claim that the "Seventh" clause of the will had the effect of making her (Katharine H. Smith) the beneficiary of the income certificate, or of constituting Maryan R. Smith a constructive trustee of its proceeds for the benefit of Katharine H. Smith. She asked that she be adjudged to be the owner of the proceeds of the income certificate and that the defendant, Maryan R. Smith, be required to pay them to her with interest from the time they were received. Jurisdiction was based on diversity of citizenship.

The case was tried to the District Court upon a stipulation of the facts. The court filed an opinion containing findings of fact, conclusions of law, and an order for judgment in favor of the defendant, Maryan R. Smith. 78 F.Supp. 385, 387. The court determined that, by the "Seventh" clause of his will, "the testator was not * * * making any disposition of property owned or subject to his control, but was simply explaining why by the will he left nothing to his sister, plaintiff in this action." The court also determined that if the clause in suit were to be construed as indicating an intent on the part of the testator to change the beneficiary of the income certificate, the clause was ineffective to accomplish that result, in view of the ruling of this Court in Nance v. Hilliard, 8 Cir., 101 F.2d 957.

Judgment was entered for the defendant, and the plaintiff has appealed.

We find in the recital, "My sister Katharine H. Smith, has been taken care of by my life insurance policies payable at my death * * *," no rational basis for the contention that the testator intended or attempted thereby to substitute Katharine H. Smith for Maryan R. Smith as the designated beneficiary of his income certificate or to give Katharine H. Smith any interest, legal or equitable, in that certificate or its proceeds. The certificate was not a life insurance policy, but was a certificate of deposit of the proceeds of the endowment policy which matured in 1938. Katharine H. Smith concededly received the proceeds of the testator's life insurance policies. We find it unnecessary to determine whether the testator could, by his will, have made Katharine H. Smith the beneficiary of his income certificate or have made Maryan R. Smith a constructive trustee of the proceeds of the certificate for Katharine H. Smith's benefit.

The judgment appealed from is affirmed.