CASE 64.—ACTION BY ELIZABETH CRICE AGAINST THE ILLINOIS LIFE INSURANCE CO. TO RECOVER ON A POLICY ON THE LIFE OF HER DECEASED HUSBAND.—April 12.

## Crice v. Illinois Ins. Co.

Appeal from Ballard Circuit Court.

R. J. Bugg, Circuit Judge.

From a judgment dismissing the petition, plaintiff appeals. Affirmed.

Life Insurance—Right to Assign Policy—Right to Change Beneficiary—Surrendering Policy—Where a life insurance policy provides that "it is issued and acepted upon the express condition that the insured may with the consent of the company, at any time assign it, or before assignment change the beneficiaries therein or make any other change," one who

Crice v. Illinois Life Ins. Co.

takes such a policy in which his wife is named as the beneficiary, may without her knowledge or consent borrow money from the company and assign the policy as collateral and upon failure to pay the money when due may surrender the policy in payment of the debt by the company accounting to him for its cash surrender value at the time.

JOHN W. RAY for appellant.

A policy of insurance was issued on the life of Fred. Crice, husband of appellant, payable by its terms to appellant, but with a provision that the beneficiary might be changed by insured. Instead of changing the beneficiary, Fred. Crice surrendered the policy for a consideration less than an annual premium. We contend that this did not affect appellants right as beneficiary. (Provident Sav. Life Assur. Soc. v. Dees, 86 S. W., 523, (decided April 12, 1905); section 654 Ky. Stat.; Mutual Life Ins. Co. v. Twyman, decided October 12, 1905). The cases of Wirgman v. Miller, 98 Ky., 620 and Wrather v. Stacy, 26 Ky. Law Rep., 683 do not govern this case.

ROBBINS & THOMAS for appellee.

LONG & PRICE of counsel.

Where the right to change the beneficiary or to make other change is reserved in the policy the beneficiary is liable to be defeated by the exercise of the right by the assured. It seems perfectly clear to us that this question has been settled right in principle, but if not, it has been determined so often that the question should not be considered an open one in this court. If there is to be any certainty in the law, then this case should be affirmed.

## AUTHORITIES CITED.

Kentucky Statutes, section 654; Hopkins v. Hopkins' Adm'r, 92 Ky., 324; Wirgman v. Miller, 98 Ky., 620; Wrather v. Stacy, 26 Ky. Law Rep., 684.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

On the 6th day of February, 1900, the Mutual Life Insurance Company of Kentucky, in consider-

ation of $54.78 then paid it, by Frederick G. Crice, and his undertaking to thereafter annually pay it, on the same date, a like sum, issued and delivered to him a policy of insurance on his life, numbered 32,000, whereby it agreed to pay at his death, to his wife, the appellant, Elizabeth Crice, the sum of $2,000. By a written contract of date August 1, 1902, the Mutual Life Insurance Company of Kentucky, for a valuable consideration, and with the approval of its policy holders, sold and assigned its assets, premium lists, and property of every kind to the appellee, Illinois Life Insurance Company, and the latter company thereby became subrogated to its rights, assumed its liabilities to the holders of its policies, and issued to each of them a certificate to that effect. The Mutual Life Insurance Company of Kentucky then quit business, and the premiums that were thereafter paid on the policies it had issued were received from the policy holders by the Illinois Life Insurance Company. The policy of $2,000 on the life of Frederick G. Crice was of the number upon which the latter company, under its contract with the Mutual Life Insurance Company of Kentucky, became liable. On August 7, 1904, Frederick G. Crice died in Ballard county, and shortly thereafter his widow, the appellant, Elizabeth Crice, instituted this action against appellee in the Ballard Circuit Court to recover of it $2,000, the amount of insurance specified in the policy referred to; it being alleged in the petition that the policy, though in appellee's possession at the time of her husband's death, was then in full force, that appellee by virtue of its contract with the Mutual Life Insurance Company of Kentucky assumed its payment, and is liable therefor, and that

appellant, as the beneficiary named in the policy is entitled to its proceeds. The answer of appellee admits the contract with the Mutual Life Insurance Company, and its undertaking to carry out the contracts of that company with its policy holders, including Frederick G. Crice, and also admits its possession of the policy in controversy, but denies any liability thereon, or that it was in force at the time of his death. It is averred in the answer that, after the payment by Frederick G. Crice of four annual premiums upon the policy in question, he borrowed of appellee $105, for which he at the time executed to it his promissory note of date May 14, 1903, due one year thereafter, and to secure its payment assigned and delivered to appellee the policy in controversy, as permitted by a clause in the policy containing this provision: "This policy is issued and accepted upon the express condition that the said Frederick G. Crice may, with the consent of the company, at any time assign it, or before assignment, change the beneficiaries therein, or make any other change." The answer contains, in substance, the further averments that, after thus executing to appellee his note for the $105 borrowed of it, and assigning his policy of insurance as collateral security for its payment, Frederick G. Crice failed to pay the annual premiums on the policy which became due February 6, 1904, and by reason thereof the policy by its terms lapsed and became void, except as to its cash value, which at the time of the default in the payment of the premiums was $118, and that on April 25, 1904, Frederick G. Crice notified appellee that he had determined, instead of reviving the policy, to accept its cash or surrender value, of $118, and

appellee at his request settled with him upon that basis, and, after deducting the note of $105 he owed appellee, there was left due him of the cash' surrender value of the policy $13, and this amount appellee then paid him, upon receiving which the insured executed to appellee a formal receipt and full release, and surrendered to it the policy in question, which was then and there canceled. Appellant demurred to the answer and to each paragraph thereof. The demurrers were overruled by the lower court. Appellant refusing to plead further, and having elected to stand upon the demurrer, judgment was entered dismissing the action at her costs, and she has appealed.

It is insisted for appellant that the lower court erred in overruling the demurrer; and this contention is bottomed upon the theory that she, as the beneficiary named in the policy, upon its issual, took a vested interest therein, of which she could not be deprived by the act of the insured in assigning it as collateral security for a loan made him by the company, or by later surrendering it for its cash value for cancellation, as neither the assignment nor surrender of the policy was with her consent. It is also argued, in her behalf, that her interest in the policy and right to its proceeds is protected by section 654, Ky Stats., 1903, which declares, in substance, that a policy of insurance on the life of any person expressed to be for the benefit of, or duly assigned, transferred, or made payable to, any married woman, or to any person in trust for her, or for her benefit, by whomsoever such transfer may be made, shall inure to her separate use and benefit and that of her children, independently of her husband or his credit-

ors, or any other person transferring the same, or his creditors.

We are unable to sustain these contentions of counsel. In discussing the question under consideration this court, in Hopkins v. Hopkins' Adm'r, 92 Ky., 324; 13 Ky. Law Rep., 707; 17 S. W., 864, said: ''The general rule is that the right to a policy of insurance, and the money to become due under it, vests immediately upon its issual in the person named in it as the beneficiary, and that this interest, being vested, cannot be transferred by the insured to any other person. Central Nat. Bank v. Hume, 128 U. S., 195, 9 Sup. Ct. 41, 32 L. Ed., 370. The vested right cannot be divested without the consent of the person invested with it. This is so as to insurance in both mutual and ordinary life insurance companies. This does not hold true, however, where the contract of insurance provides that the insured may change the beneficiary. In such case it vests conditionally only. The right of the one named in the policy is then subject to be defeated by the terms of the very contract naming him as the beneficiary. It is a condition of the contract, and his right is therefore subject to it.'' In considering the statute upon which counsel for appellant relies, the court in the opinion, supra, also declared: ''The clause in the policy relative to change of beneficiary does not, in our opinion, conflict with the provisions of the company's charter and the general law. They certainly do not in express terms forbid such a condition in the contract, nor can the prohibition be fairly implied. They merely mean that, when a married woman is entitled to insurance, or the proceeds of it, it must be held to be her separate estate, and not liable for

the debts of the husband, of those of the person through whom it was obtained. The insurance is her separate estate so long as it remains payable to her. This, however, does not prevent the insertion of a condition in the contract by which her right to the insurance may be defeated." In Wirgman v. Miller, 98 Ky. 620, 17 Ky. Law Rep., 1174, 33 S. W., 937, and Wrather v. Stacy, 82 S. W., 420, 26 Ky. Law Rep., 683, the view of the law expressed in Hopkins v. Hopkins' Adm'r, was adhered to, and in the very recent case of Mutual Life Insurance Company of Kentucky v. Twyman, 122 Ky., ——, 92 S. W., 335, 28 Ky. Law Rep., 1153, the court, after a careful consideration of the question here presented and an elaborte review of the authorities, withdrew the first opinion, which may be found in 89 S. W., 178, Ky. Law Rep., 167, and came to the conclusion that it would be unwise to depart from the doctrine announced in the cases supra.

In the case at bar, the policy in express terms conferred upon the insured the right, with the consent of the company, at any time, "to assign it, or before assignment, change the beneficiary therein, or make any other change," and this right is not in any way made to depend upon the consent of the beneficiary named in the policy. It is alleged in the answer, and admitted by the demurrer, that the insured did in fact assign the policy to appellee as collateral security for the payment of his note, executed for money borrowed of it. He clearly had the right to make such use of the policy, though without the knowledge or consent of appellant, whose interest in it as the named beneficiary was subject to his superior right to so use it.

It is likewise alleged in the answer, and admitted by the demurrer, that, after assigning the policy to secure the payment of his note to appellee, the insured voluntarily surrendered it for cancellation, by means of which he paid his note to appellee and received the full cash surrender value of the policy which exceeded the amount of the note by $13. He clearly had the right to so dispose of the policy without the consent of appellant. This settlement is not attacked by appellant, and no claim is made by her that it was procured by fraud on the part of appellee, or its agents, nor is it claimed by her that the amount allowed the insured as the cash surrender value was inadequate.

Our examination of the record affords us no ground for disturbing the judgment complained of.

Wherefore it is affirmed.