ZOULA ROBINSON et al., Appellants, v. NEW YORK LIFE INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, February 3, 1913.

1. LIFE INSURANCE: Change of Beneficiary: Reservation. The unconditional beneficiary in a policy of life insurance has a vested interest therein which cannot be changed by the insured. *But* if the right to change the beneficiary is reserved in the policy, he may make the change.

2. ———: ———: Exemption: Statute. Sec. 5854 R. S. 1889, provides that if a person takes out a policy of life insurance payable to a married woman, it shall inure to the separate benefit and use of such woman and her children free from the claims of the creditors of the husband or other person taking out the insurance; and that if such woman should die before her husband, the policy should inure to the children free from claims of creditors, "any technical words or phrases in the policy to the contrary notwithstanding." *Held*, that such section was a statute of exemption and that it did not prevent the reservation in the policy for a change of beneficiary.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*M. T. January* and *S. A. Wight* for appellants.

*J. H. McIntosh, Irwin Gordon,* and *Scott & Bowker* for respondent.

ELLISON, J.—This action is based on a policy of life insurance. The judgment in the trial court was for the defendant.

Plaintiffs are the children of Almond B. Cockerill, and it appears from an agreed statement of facts that the defendant, in January, 1899, issued to him a policy of life insurance for ten thousand dollars, payable to his wife, or in the event of her dying before him, to his executors, administrators or assigns, "or to such other beneficiary as may be designated by the insured as hereinafter provided, at the home office of the company in the city of New York." The policy contained the further provision that the insured could at any time "change the beneficiary or beneficiaries by written notice to the company at its home office," etc.

On the 7th of March, 1903, Cockerill changed the beneficiary from his wife to these plaintiffs, his children. About two years afterwards, on the 20th of March, 1905, he changed from the latter beneficiaries to his executors, administrators and assigns.

Cockerill's wife died in July, 1905. In August, 1910, he and the defendant agreed that the policy should become "a paid-up policy for $1348." In about a year thereafter he died. The defendant then paid the latter sum to his administrator.

Plaintiffs' claim is that Cockerill's wife and children became possessed of a vested interest at the de-

livery of the policy, and that the changes of benefi-
ciaries were void, being contrary to the statute, sec-
tion 5854, Revised Statutes 1889, in force at the time
the policy was issued. The case depends upon a con-
struction of that section. It reads as follows:

"Any policy of insurance heretofore or hereaf-
ter made by any insurance company on the life of any
person, expressed to be for the benefit of any mar-
ried woman, whether the same be effected by herself
or by her husband, or by any third person in her be-
half, shall inure to her separate use and benefit, and
that of her children, if any, independently of her hus-
band and of his creditors and representatives, and
also independently of such third person effecting the
same in her behalf, his creditors and representatives;
and a trustee may be appointed by the circuit court
for the county in which such married woman resides,
to hold and manage the interest of any married woman
in such policy, or the proceeds thereof. In the event
of the death of such married woman before her hus-
band, the said policy shall inure to the children of
such marriage, to the exclusion of creditors and ex-
ecutors and administrators of said husband, any tech-
nical words or phrases in the policy to the contrary
notwithstanding."

The reasoning in plaintiffs' favor is like this:
That the insurance is a Missouri contract and that
the insurance laws of Missouri therefore became a
part of it (Cravens v. Life Ins. Co., 148 Mo. 583) and
that such Missouri law (the above statute) forbids
a change of beneficiary; thus leaving the policy pay-
able to the wife and children, or, in case she died, to
the children alone.

Defendant agrees that the policy is a Missouri
contract and that it embraces the Missouri statute.
Defendant concedes that if the policy had been pay-
able to the wife and had not contained a privilege
of substituting another beneficiary, her interest would

have been vested and the change from her therefore void. [U. S. Casualty Co. v. Kacer, 169 Mo. 301; Blum v. Insurance Co., 197 Mo. 513.] In other words, the defendant's position is that when a person is named unconditionally as beneficiary, such person takes a vested interest, which cannot be changed by the insured. But if a right of change is reserved in the policy, such change may lawfully be made. The effect of defendant's position is that the statute is a statute of exemptions and that it was not intended to interfere with the general law as to changes of beneficiaries. That its object was to secure a policy taken out in the name of a married woman, to her separate use for the benefit of herself and children, free from the claim of her husband's creditors; and in case of her death before her husband, to secure it to the children free from the husband's debts.

It is the general law that though a life policy is made payable to a certain person as beneficiary, yet if the right to change the beneficiary is reserved in the policy, it may be done, thereby divesting the original beneficiary. [U. S. Casualty Co. v. Kacer, supra; Blum v. Insurance Co., supra; Nally v. Nally, 74 Ga. 669.] Does the statute nullify or forbid such reservation? Plaintiffs insist that it does. The question was determined by the St. Louis Court of Appeals in Eves v. Woodmen of the World, 153 Mo. App. 247, wherein it was decided that the statute did not interfere with the contractual right of the parties to qualify the interest of the wife.

In the course of the opinion in that case it is pointed out that while the Supreme Court has not construed the statute, it has stated the general law to be that the interest of a beneficiary in a life policy is vested *unless* a right of divestiture is reserved. [Blum v. New York Life Ins. Co., 197 Mo. 513, 523; U. S. Casualty Co. v. Kacer, 169 Mo. 301, 313-317. See, also, remark of Goode, J., in Diehm v. Insurance Co.,

129 Mo. App. 256, 262.] The statute does not seem to limit the right of the husband as to the character of the policy. It does not say that any policy taken out by a husband shall inure to his wife. It says that any policy taken out by the husband for the wife shall be hers and the children's, free from creditors. The statute does not contain any words of restriction on the right to make the wife a conditional beneficiary, that is, a beneficiary unless another is substituted. In the Eves case, Judge CAULFIELD said: "There is no attempt disclosed to vary the terms of the contract of insurance or to derogate from the right to contract freely with regard to the beneficiary. On the contrary, before the policy inures it must be *expressed* to be for the benefit of the married woman. That is, the insured and insurer must first of their own free will make their contract so that it will be expressed to be for her benefit. They may omit her altogether if they desire; or they may give her an interest only in common with others. Their power in that respect is left general and unrestricted. Being so, it includes the power to make a qualified appointment and to reserve the power to revoke and to substitute."

Plaintiffs lay much stress on the concluding clause of the last sentence of the section, providing that if the wife died before the husband, the policy should inure to the children to the exclusion of creditors, etc., "any technical words or phrases in the policy to the contrary notwithstanding." We think that clause finds its only application to the sentence in which it appears. It seems not to apply to or affect any other part of the section. The Legislature, by an expression indicating such intention, could have forbidden a change though the right were reserved in the policy; but it has not done so by that clause. That clause has not the breadth of application to other parts of the statute as the clause in section 5858, Revised Statutes 1889, referred to in Smith v. Life Ins. Co.,

173 Mo. l. c. 340, 341. Plaintiffs insist that an insured could have reserved in the policy a right to change the beneficiary from the wife, under the general law, as it existed before the statute was passed; and that if he may still do so, the enactment of the statute accomplished nothing. In this plaintiffs omit to notice that the prime object of the statute is exemption. It was not the object of the statute to command a provision for the wife. Its object was to save from creditors what the husband might choose to provide for her.

But here again plaintiffs insist that the proceeds of a policy payable to the wife was her separate property, exempt from execution under other statutes, and that therefore the purpose of exemption ought not to be considered as the purpose of the Legislature in enacting the statute under consideration, as it was altogether unnecessary. However this may be, the necessity for or the congruity of statutes is not a safe guide in construction. It is not infrequent that the same thing is comprehended in different statutes; and it is not uncommon to find in the statute the existing common law enacted into statutory law.

Again, plaintiffs say their construction of the statute is borne out by the action of the Legislature found in the revision of 1899, section 7895, carried into the revision of 1909 as section 6944, amending the statute as it was when this policy was issued. The latter section, besides other amendments, gives the insured husband the right to change beneficiaries if they shall become divorced. And plaintiffs ask, why give the right if they become divorced unless it was the understanding that without that right was granted, it would not exist? The answer is that the amended statute grants the right in cases where no reservation for a change had been made in the policy. As to such, as we have seen, no change could be made prior to this amendment.

A satisfactory construction of the statute is difficult, but feeling that the St. Louis Court of Appeals has given it the proper solution in the Eves case, we defer to the views as therein expressed.

The judgment is affirmed.   All concur.