## Cooper v. West, et al.

(Decided January 19, 1917.)

### Appeal from Christian Circuit Court.

1. Insurance—Attachment of Fund Due Upon Policy.—Under the terms of a life insurance policy giving the insured, at maturity of the policy, the right to a withdrawal of the cash value of the policy, or, to convert the entire cash value into a life annuity, or to continue the policy for its full amount as a paid up participating policy for life, the insured wrote the insurance company stating

he would accept the cash value of the policy. Held, that the fund due upon the policy was subject to attachment by insured's creditors.

2.  Insurance—When Cash Value Belongs to Insured—Beneficiaries.— When insured exercised the option in a policy giving him the right at maturity to accept the cash value of same, the beneficiaries had no vested interest therein, and the fund belonged to him.

ALVAN H. CLARK and LINTON & CLARK for appellant.

C. H. BUSH and HUNTER, WOOD & SON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The appellant, W. C. Cooper, instituted this action in the Christian Circuit Court against P. E. West upon a note for $200.00 and interest, and at the same time sued out an order of attachment which was served upon the appellee West and the Fidelity Mutual Life Insurance Company of Philadelphia, Penna., and its local agent, W. H. Wicks, in Hopkinsville, Christian county. The defendant, P. E. West, does not deny the indebtedness, but resists the attachment.

Several years ago the insurance company named above issued a policy of life insurance for $2,000.00 to the appellee, P. E. West, and this policy matured on April 1st, 1915, and had a cash surrender value of $1,068.00, subject, however, to a loan of $430.92, which had been made by the company to the insured, and which was a lien upon the policy, leaving the actual surrender value to the insured $637.08. On the maturity of the policy, the company, by letter, called attention of Dr. West to the fact that the policy contained an option which he, as the insured, might exercise, which is as follows:

(1)  The withdrawal of a guaranteed cash value of ten hundred and sixty-eight ($1,068.00) dollars, together with the profits apportioned thereto; or,

(2)  The conversion of the entire cash value (consisting of guaranteed cash value stated above, together with the profits) into a life annuity; or

(3)  The withdrawal of the profits in cash, and the continuation of the policy for its full amount as a paid-up participating life policy.

Answering this letter with reference to exercising the option, Dr. West wrote the company the following letter:

"Hopkinsville, Ky., May 17th, 1915.

"The Fidelity Mutual Life Insurance Co.,
          Philadelphia, Penna.

"Gentlemen:—Replying to your letter of recent date relative to settlement of matured policy, C. L. P. 176482 P. E. West, I will say that I have decided to accept the cash value of same. Kindly forward check therefor and greatly oblige.

"Yours very truly,
                    "P. E. WEST."

Thereupon the company forwarded to W. R. Hicks, its local agent at Hopkinsville, check for $637.08, made payable to P. E. West, with instructions to deliver same to P. E. West when proper receipt was executed by West and the beneficiaries named in the policy, who were "his wife, Ethel West, and his surviving children, share and share alike."

The attachment aforesaid was served upon the agent, also West and the insurance company, after the check had been received at Hopkinsville and before its delivery. The agent then declined to deliver the check to West, and West and the beneficiaries, his wife and four children, declined to sign the release required by the company.

Shortly thereafter, Mrs. West and the children named as beneficiaries, filed a petition to be made parties in the court below, setting up claim to the fund attached on the ground that they were the beneficiaries in the policy and that P. E. West was acting for and on their behalf at the time he wrote the letter directing the insurance company to forward check, and that the fund was to come to them and to be invested for their benefit, and that P. E. West did not claim the money but was only acting as the agent of the beneficiaries. Issue was joined and the case went to trial. The circuit court, without the intervention of a jury, made a finding of both fact and law adjudging plaintiff, Cooper, to be entitled to recover of the defendant, P. E. West, the sum of $211.00 with interest until paid, and sustained the attachment in so far as it related to P. E. West, but discharged the attachment in so far as it affected the insurance company, its agent, Wicks, and the fund attached, and adjudged the cross-petitioners, Mrs. West and the four children to be entitled to the $637.08 free from the claim of the plain-

tiff, Cooper, on the ground that these persons were the beneficiaries in the policy and that P. E. West was their agent and acting for and on their behalf, at the time he directed the insurance company to forward the check.

The policy of insurance contains the following provision:

"Section 9:

"The insured, with the written approval of the president or vice president, may upon the surrender of the policy, change the beneficiary, or, with such approval, it may be assigned."

The first question to be determined is, did the act of the insured, P. E. West, in writing the letter of May 17th, 1915, directing the insurance company to forward check to him, amount to an election on his part under the option in the policy, to accept the surrender value thereof, and did he have the power to make such election so as to preclude the beneficiaries? Appellees contend that it did not amount to an election under the option, and further that it did not lie in West to make such election, on the theory that appellees held a vested interest not subject to be defeated by the acts of the insured. It must be conceded, however, under the contract of insurance, that the insured had the right, and indeed had exercised it without the consent of the beneficiaries, of hypothecating the policy to secure a loan from the company and to that extent and thereby extinguished $430.92 of the $1,068.00, the amount that would otherwise have been due and a part of the cash surrender value at that time. Reasoning from this, he might likewise have extinguished the whole amount without the consent of the beneficiaries named in the policy, thus wholly defeating their rights.

Aside from this the insured had the privilege, personal to him, under the terms of the contract of insurance, and a privilege not granted to the beneficiaries, to change the beneficiary named in the policy, and this without the consent of those first named. An exercise of this right might well have barred and tolled the rights of Mrs. West and the children named as beneficiaries. He also had the right according to the terms of the option in the policy, to convert it into a life annuity, and it follows therefore that by an exercise of this option in the course of years, he might have drawn and converted to his own use the whole sum due upon the policy.

In the case of Wrather, et al. v. Stathy, 82 S. W. 420, where a like provision in a policy of insurance was under consideration, the court said:

"The insured had the right under the terms of the policy to change the beneficiary. He could do so with or without reason, because the beneficiary named did not have a vested interest therein."

Also in the case of Crise v. Illinois Life Insurance Company, the court said:

"In the case at bar the policy in express terms conferred upon the insured the right, with the consent of the company, at any time to assign it, or before assignment, change the beneficiary therein or make any other change, and this right is not made in any way to depend upon the consent of the beneficiary named in the policy. . . . . After assigning the policy to secure the payment of the note to appellee, the insured voluntarily surrendered it for cancellation, by means of which he paid his note to appellee, and received the cash surrender value of the policy which exceeded the amount of the note by $13.00. He clearly had the right to so dispose of the policy, without the consent of the appellant."

This rule having been established by a long line of cases, we conclude that he might, after the maturity of the policy under its terms, have elected to take its cash surrender value, and this we think he did when he wrote the insurance company the letter of May 17, 1915, in which he said, "I have decided to accept the cash value of same. Kindly forward check therefor and greatly oblige. Yours very truly, P. E. West."

West having accepted the cash surrender value of the policy and the company having forwarded the check to its agent at Hopkinsville to be delivered to West upon his executing the proper release, the fund was subject to attachment, and the lower court erred to the prejudice of appellant, Cooper, in holding otherwise. The attachment of the plaintiff, Cooper, should have been sustained, and so much of the fund as was necessary subjected to the satisfaction of plaintiff, Cooper's, debt, interest and cost, and the residue, if any, paid to P. E. West.

For these reasons the appeal sought in this case is granted because this court is satisfied that the ends of justice require it. This cause is remanded with directions to sustain the attachment as against the said fund and other proceedings consistent with this opinion. Appeal granted and case reversed.