ESTATE OF W. VINCENT MEYER, DECEASED, EVERETT TRUST & SAVINGS BANK, TRUSTEE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 513-74.    Filed April 7, 1976.

*Birney N. Dempcy,* for the petitioner.
*Robert J. Chicoine,* for the respondent.

HALL, *Judge:* Respondent determined a deficiency in petitioner's estate tax of $5,909. The sole issue is whether a certain life insurance policy on the life of decedent W. Vincent Meyer was the separate property of decedent's wife or the community property of decedent and his wife. If the policy was community property, one-half the value of the proceeds should have been included in decedent's gross estate.

### FINDINGS OF FACT

W. Vincent Meyer died on March 24, 1970. Before his death, he and his wife had lived in the State of Washington for 30 years. On June 25, 1971, the Everett Trust & Savings Bank, executor of decedent's estate, filed an estate tax return for the estate.

On April 29, 1966, decedent as "proposed insured" and his wife as "owner" submitted an application to Investors Guaranty Life Insurance Co. (insurance company) for $60,000 of non-participating, 12-year decreasing term insurance on decedent's

---

life. On July 12, 1966, such a decreasing term policy was issued on decedent's life. In the policy decedent's wife was designated as "owner."

The monthly premiums of $50.81 were paid pursuant to a "bank check plan" whereby the insurance company monthly drew a check in the amount of the premium on decedent's and his wife's bank account. The funds in the account were community property.

Decedent's wife believed that signing as "owner" on the insurance application would avoid estate taxes in the event of her husband's death. She believed that her husband had no ownership rights in the policy. She gave no thought to the fact that as owner she could have assigned the policy or changed the beneficiaries. She and decedent did not discuss the fact that she had these powers.

Mr. Goodwin, the insurance agent who sold the policy, generally discussed the subjects of estate planning, insurance, and investments with decedent and his wife. Decedent and his wife had estate planning and the avoidance of estate taxes in mind when they applied for and obtained the policy.

Pursuant to the terms of the policy, $46,920 was paid by the insurance company to decedent's wife as beneficiary of the policy upon notification of decedent's death. The executor did not include any portion of the proceeds in decedent's gross estate for estate tax purposes.

### OPINION

Petitioner argues that the insurance policy was the separate property of decedent's wife and therefore not includable in decedent's gross estate, because (1) decedent's wife was designated as "owner" in the policy and decedent and his wife had agreed that the policy was her separate property and not their community property, and (2) Washington law (Wash. Rev. Code sec. 48.18.440 (1974)) provides that where the wife is named beneficiary of a policy on the life of the husband, she owns that policy as her separate property as a matter of law.

Respondent contends that although the policy in question designated the decedent's wife as "owner," petitioner has failed to prove that decedent made a gift of his community interest to the wife, and thus the policy was community property and decedent's one-half interest at his death was includable in his gross estate

pursuant to section 2042.[1] Respondent further contends that Wash. Rev. Code sec. 48.18.440 (1974) does not convert the policy into the separate property of the wife.

### 1. *Gift by Husband*

The character of the insurance policy as separate or community property is determined under Washington law. Under Washington law, all property acquired after marriage in any manner by either spouse, or both, is community property, except property acquired by gift, devise, or inheritance, and the rents, issues, and profits thereof. Wash. Rev. Code secs. 26.16.010, 26.16.020, and 26.16.030 (1974). Each spouse has an equal, present, and vested right in the community property. *Poe v. Seaborn,* 282 U.S. 101, 111 (1930); *In re Towey's Estate,* 22 Wash. 2d 212, 155 P. 2d 273 (1945). Generally, where life insurance premiums are paid from community property funds, the insurance policy and its proceeds are community property. *Occidental Life Ins. Co. v. Powers,* 192 Wash. 475, 74 P. 2d 27 (1937).

"[T]o establish that property acquired during marriage is not community property [under Washington law] it is necessary to show that it was obtained by the acquiring spouse by gift, devise or descent. Any such demonstration must overcome a strong presumption in favor of the community and the burden is upon the party who asserts separate property status to establish it. [Citations omitted.] While the magnitude of this burden has been described variously, a fair statement is that the evidence sufficient to overcome the presumption must be clear, definite and convincing." *Kern v. United States,* 491 F. 2d 436, 439 (9th Cir. 1974).

In *Kern* two policies of life insurance were issued on the life of the decedent-husband, a resident of Washington. In each case the wife was the applicant for the policy. The applications stated that the policies belonged to and were subject to the exclusive control and disposition of the applicant. In the case of one policy only, there was the following endorsement:

It is understood and agreed that application for the policy was made by Arline G. Kern, wife of the Insured, designated as the applicant. It is further understood and agreed that the said applicant is the sole owner of this policy and may

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

receive and exercise every right and privilege thereunder, if she be living, otherwise the Executors, Administrators or Assigns of the said applicant. Under this agreement, it is understood that neither the Insured nor his estate shall have any interest in this policy.

The Ninth Circuit Court of Appeals held that the fact that the application forms described the applicant as owner, without regard to the relationship of owner to insured, did not constitute a clear, definite, and convincing demonstration that it was intended that the policy be the separate policy of the wife.

In this case the wife was designated owner, but here as in *Kern,* there was no discussion of the effect of the marital relationship between insured and owner. Nor was there any endorsement in which the parties, recognizing that relationship, described the policy as the sole or separate property of the wife in which the husband had no interest. Moreover, nothing in the testimony of the wife or the insurance agent who sold the policy was sufficient to prove clearly, definitely, and convincingly that the husband had no community interest in the policy and intended to make a gift of his community half of the policy to the wife. Without more, we must hold that petitioner has failed to carry its heavy burden and has failed to overcome the presumption in favor of community property. Compare *Kroloff v. United States,* 487 F. 2d 334 (9th Cir. 1973) (in which it was held oral testimony overcame the presumption in favor of the community under Arizona law) with *Freedman v. United States,* 382 F. 2d 742 (5th Cir. 1967) (evidence did not overcome presumption in favor of the community under Texas law).

### 2. *Wash. Rev. Code Sec. 48.18.440 (1974)*

Next we must consider whether Wash. Rev. Code sec. 48.18.440 (1974) (hereinafter cited as sec. 48.18.440) was intended to affect the ownership characterization of the insurance policy during the life of the insured spouse in a manner contrary to otherwise established principles of Washington community property law. Petitioner contends that an insurance policy on the life of the husband of which the wife is the beneficiary "is one kind of property that is not presumptively community property under Washington law even though it was acquired during marriage." We do not agree.

Section 48.18.440 provides as follows:

Spouse's rights in life insurance policy. (1) Every life insurance policy heretofore or hereafter made payable to or for the benefit of the spouse of the insured, and every life insurance policy heretofore or hereafter assigned, transferred, or in any way made payable to a spouse or to a trustee for the benefit of a spouse, regardless of how such assignment or transfer is procured, shall, unless contrary to the terms of the policy, inure to the separate use and benefit of such spouse: *Provided,* That the beneficial interest of a spouse in a policy upon the life of a child of the spouses, however such interest is created, shall be deemed to be a community interest and not a separate interest, unless expressly otherwise provided by the policy.

(2) In any life insurance policy heretofore or hereafter issued upon the life of a spouse the designation heretofore or hereafter made by such spouse of a beneficiary in accordance with the terms of the policy, shall create a presumption that such beneficiary was so designated with the consent of the other spouse, but only as to any beneficiary who is the child, parent, brother, or sister of either of the spouses. The insurer may in good faith rely upon the representations made by the insured as to the relationship to him of any such beneficiary.

At first blush, petitioner's argument appears to derive force from the language of the statute on which it relies. The statute, literally, appears to apply to the policy itself, rather than merely to the proceeds. While the language "inure to her separate use and benefit" does not in so many words purport to convert a community asset to the wife's separate property, the proviso which follows, referring specifically to community vis-a-vis separate property, creates an apparent inference that this was the intent. And if, as respondent claims, the section is merely designed to ward off creditors, it is difficult to see what it adds to Wash. Rev. Code sec. 48.18.410 [2] (hereinafter cited as section 48.18.410),

---

[2] Sec. 48.18.410 provides:

Exemption of proceeds—Life. (1) The lawful beneficiary, assignee, or payee of a life insurance policy, other than an annuity, heretofore or hereafter effected by any person on his own life, or on the life of another, in favor of a person other than himself, shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured and of the person effecting the insurance, and such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, existing at the time the proceeds or avails are made available for his own use.

(2) The provisions of subsection (1) of this section shall apply

(a) whether or not the right to change the beneficiary is reserved or permitted in the policy; or

(b) whether or not the policy is made payable to the person whose life is insured or to his estate if the beneficiary, assignee or payee shall predecease such person; except, that this subsection shall not be construed so as to defeat any policy provision which provides for disposition of proceeds in the event the beneficiary shall predecease the insured.

(3) The exemptions provided by subsection (1) of this section, subject to the statute of limitations, shall not apply

(a) to any claim to or interest in such proceeds or avails by or on behalf of the insured, or the person so effecting the insurance, or their administrators or executors, in whatever capacity such claim is made or such interest is asserted; or

(b) to any claim to or interest in such proceeds or avails by or on behalf of any person to

which exempts life insurance proceeds from creditors' claims.

Nevertheless, in matters of State law, including the construction of State statutes, we are bound to follow the holdings of that State's highest court. *Commissioner v. Bosch,* 387 U.S. 456 (1967). The Supreme Court of Washington has authoritatively construed section 48.18.440 in a manner contrary to that urged here by petitioner. In *Schade v. Western Union Life Ins. Co.,* 125 Wash. 200, 215 P. 521 (1923), a husband made his wife the beneficiary of certain life insurance policies on his life. He went further and purported by declaration and delivery of the policies, but apparently without notification to the insurance company, to make a gift of them to the wife. Under the policies he could change the beneficiaries. She then permitted her husband to put the policies in his safe, whereupon without her knowledge or consent, he changed the beneficiaries of the policies to a creditor to secure a previous loan in consideration of an extension of the loan. Upon his death, the policy proceeds were held payable to the creditor rather than the wife. The wife relied unsuccessfully on the predecessor of the statutory provision here in question, section 7230-1, Rem. Comp. Stat., Laws 1909, sec. 36, p. 556, which then provided as follows:

If a policy of insurance is effected by any person on his own life, or on another life in favor of a person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, shall unless contrary to the terms of the policy, be entitled to its proceeds against the creditors and representatives of the person effecting the same; and the person to whom a policy of life insurance is made payable may maintain an action thereon in his own name: Provided, that, subject to the statute of limita-

---

whom rights thereto have been transferred with intent to defraud creditors; but an insurer shall be liable to all such creditors only as to amounts aggregating not to exceed the amount of such proceeds or avails remaining in the insurer's possession at the time the insurer receives at its home office written notice by or on behalf of such creditors, of claims to recover for such transfer, with specification of the amounts claimed; or

(c) to so much of such proceeds or avails as equals the amount of any premiums or portion thereof paid for the insurance with intent to defraud creditors, with interest thereon, and if prior to the payment of such proceeds or avails the insurer has received at its home office written notice by or on behalf of the creditor, of a claim to recover for premiums paid with intent to defraud creditors, with specification of the amount claimed.

(4) For purposes of subsection (1) of this section a policy shall also be deemed to be payable to a person other than the insured if and to the extent that a facility-of-payment clause or similar clause in the policy permits the insurer to discharge its obligation after the death of the individual insured by paying the death benefits to a person as permitted by such clause.

(5) No person shall be compelled to exercise any rights, powers, options or privileges under any such policy.

tion, the amount of any premium for said insurance paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy, but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless, before such payment, the company shall have written notice by or in behalf of a creditor, with specification of the amount claimed, claiming to recover for certain premiums paid in fraud of creditors. Every policy of life insurance made payable to or for the benefit of a married woman, or after its issue assigned, transferred or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband or by any other person, and whether the assignment or transfer is made by her husband or by any other person, shall, unless contrary to the terms of the policy, inure to her separate use and benefit, and to that of her children, subject to the provisions of this section relative to premiums paid in fraud of creditors.

The wife contended that this statute prohibited a provision in the policy reserving to the insured the right to change the beneficiary. The court disagreed, stating:

We cannot agree with the appellant in her contention that a fair interpretation of this statute forbids a provision in the policy reserving to the insured the right to change the beneficiary named in the contract. Certainly it does not do so in terms. This court held in Elsom v. Gadd, 93 Wash. 603, 162 Pac. 867, that the statute is one for "the exemption of the proceeds and avails of insurance policies to the beneficiary selected by the insured as the object of his bounty." That is, the statute defines the rights of the beneficiary as compared with the rights of creditors in the proceeds and avails of a policy, prescribing that, other than the exception contained in the proviso in the statute, they become hers or theirs in their own separate right, free from the claims of creditors. *Now, if it be said that in the Elsom v. Gadd Case there was considered only the first part of the section quoted and that the latter part of it, relating to the rights of a wife as a beneficiary, did not and has not received judicial interpretation, the answer is that, for our present purposes, the substantive effective language of both parts being the same, the interpretation given by this court of the first must be followed in considering and interpreting the other.*

Statutes like that portion of section 7230-1 are not uncommon in other states, where it is uniformly held that they do not prevent the insurer, under agreement written in the policy, from changing the interest of a married woman beneficiary as the insured pleases. Some of the cases, wherein still others are referred to, are as follows: National Life Insurance Co., etc., v. Brautigam, 163 Wisc. 270, 154 N.W. 839, 157 N.W. 782; Hopkins v. Hopkins, 91 Ky. 324, 17 S.W. 864; Mutual Life Insurance Co. v. Twyman, 122 Ky. 513, 92 S.W. 335, 97 S.W. 391, 121 Am. St. Rep. 471; Crice v. Illinois Life Insurance Co., 122 Ky. 572, 92 S.W. 560, 121 Am. St. Rept. 489; Cooper v. West, 173 Ky. 289, 190 S.W. 1085; Eves v. Sovereign Camp, 153 Mo. App. 247, 133 S.W. 657; Robinson v. New York Life Insurance Co., 168 Mo. App. 259, 153 S.W. 534; McKinney v. Fidelity Mutual Life Insurance Co., 270 Mo. 305, 193 S.W. 564.

In the case of Eves v. Sovereign Camp, supra, there is a very clear discussion of the reason why a statute of essentially the type under consideration does not

stand in the way of an agreement in the policy that the insured may change the beneficiary to some one other than the wife. It was said by the court:

"Now when we turn to the section under discussion, we do not find any language calculated to abridge the freedom of the insurer and insured to make their contract of insurance as they see fit; neither does plaintiff's counsel attempt to guide us to any such language. The language used is: 'Any policy of insurance heretofore or hereafter made by any insurance company on the life of any person, expressed to be for the benefit of any married woman * * * shall inure to her separate use and benefit.' It is the policy, as it may have been or may be made by the insurance company, that inures. There is no attempt disclosed to vary the terms of the contract of insurance or to derogate from the right to contract freely with regard to the beneficiary. On the contrary, before the policy inures it must be expressed to be for the benefit of the married woman; that is, the insured and insurer must first, of their own free will, make their contract so that it will be expressed to be for her benefit. They may omit her altogether, if they desire, or they may give her an interest only in common with others. Their power in that respect is left general and unrestricted. Being so, it includes the power to make a qualified appointment and to reserve the power to revoke and to substitute. Am. & Eng. Enc. of Law (2d Ed.) vol. 22, p. 1138; Bacon, §§ 290, 291."

And again in discussing the statute as to its real intent and meaning in the case of McKinney v. Fidelity Mutual Life Insurance Co., supra, the court said:

"The design of this statute was to affect the quality of the estate given to the wife by virtue of her being a beneficiary in the policy, and to make whatever should come to her thereunder a part of her separate estate and exempt from the claims of the creditors of her deceased husband. It was not the design of the statute to disable the husband, in the making of his contract, from entering into an agreement which would render the interest of his wife, as beneficiary, wholly contingent upon the nonexercise of such powers as were reserved to the insured under the conventional and statutory terms of the present policy. The statute did not intend, nor provide, nor could it be rationally construed, that the husband should not have full liberty to contract with reference to the interest which he might desire to give to his wife as beneficiary in a policy upon his life. It only provides that whatever contract he does make—whether giving her an absolute or a conditional interest—shall result in making that interest, if it ever accrues to the wife, a part of her separate estate."

[Emphasis added.]

The Washington Supreme Court's interpretation, as well as its holding, is inconsistent with the petitioner's position. While the statute refers to the "policy," the court makes it clear that the statute really applies to the proceeds only, not the policy. It becomes operative on the insured's death. Until then the insured may change the beneficiary. In a later case, it has been held that the insured's power to change the beneficiary does not extend to permit him to do so by a gift to a third party in defraud of the community. *Occidental Life Ins. Co. v. Powers*, 192 Wash. 475,

74 P.2d 27 (1937). However, he is free to substitute his estate for the wife as beneficiary, *In re Towey's Estate,* 22 Wash. 2d 212, 155 P. 2d 273 (1945), or a creditor of the community, *Schade v. Western Union Life Ins. Co., supra.* Such powers would, of course, be quite inconsistent with the petitioner's concept that the mere designation of the wife as a beneficiary automatically vests absolute ownership of the policy in her as her separate property.

Likewise, the apparent inference which could be drawn from the proviso in section 48.18.440, that the intended result of that section is to effect a present transmutation of community to the beneficiary's separate property, is overcome by the fact, pointed out by the Washington Supreme Court in *Schade,* that similar language, "shall inure to her separate use and benefit," is found in corresponding statutes common in other noncommunity property jurisdictions. Finally, while normal rules of statutory interpretation would militate against an interpretation ascribing a virtually complete redundancy between the section in question and section 48.18.410, the Washington Supreme Court has in effect stated that they *are* redundant. The substantive effective language of both parts being the same, the interpretation given by that court of the first must be followed in considering and interpreting the other.

*Schade's* interpretation of the predecessor of section 48.18.440 is in effect confirmed by the same court in *In re Towey's Estate, supra.* In that case a husband purchased insurance with community funds, first named his wife beneficiary, and then changed the beneficiary to his estate, in effect relegating the widow to her community half share of the estate. The widow unsuccessfully contended that the redesignation was ineffective because it represented an impermissible gift, without her consent, of community property. Significantly, she made no claim to having a separate property interest in the policy or its proceeds.

The Washington Supreme Court stated:

> If, as argued by counsel for respondent, there could be no change of beneficiary without the consent of the wife—the position is untenable—it would follow that the policies of insurance were not community property in which the husband had an equal interest with his wife, but that the policies of insurance on the life of a husband payable to the wife were the separate property of the wife although purchased with funds of the community.
>
> Where a policy of insurance is taken out by a husband during coverture and made payable to his estate or to his executor or administrator and the premiums are paid with community funds, the proceeds of the policy become

community property upon his death. *Where the insured designates his wife beneficiary of a policy of life insurance issued during the existence of the community, even if the premiums on the policy are paid with funds of the community, the proceeds of the policy become upon the death of the insured the separate estate of the wife. Rem. Rev. Stat. Supp. §7230-1;* Northern Sav. & Loan Ass'n v. Kneisley, 193 Wash. 372, 76 P. 2d 297. Where, as in the case at bar, policies (premiums of which are paid with community funds) payable to the wife insuring the husband's life expressly reserve to the insured husband the right to change the beneficiary, the husband has the right to change the beneficiary, but that right is limited to changing the beneficiary to the estate or personal representatives of the insured. This is simply an exercise of the power of management and control of community personal property vested in the husband by statute, Rem. Rev. Stat. §6892, and is not the making of gifts of community property "against the consent of the wife."

Legislatures and courts have sought for centuries to change the barbarous common law system of marital property rights which was so unfavorable to the wife. Enactments and decisions have increased the wife's property rights in this state so that the wife now has a vested property right in all of the community property equal to that of her husband. *We are not aware of any statute* or court decision *which deprives the husband of a vested property right in all of the community property equal to that of his wife.*

[Emphasis added.]

The above language, so clearly contrary to petitioner's construction of section 48.18.440 (formerly Rem. Rev. Stat. Supp. sec. 7230-1), cannot be ascribed to inadvertence or lack of familiarity with that section since the court, in the first emphasized portion of the above quotation, explicates the predecessor of the section in question in a manner quite contrary to petitioner's contention. The first quoted paragraph, moreover, states that if the wife's consent had been required to change the beneficiary, then the policy would have been separate property. It seems to follow that if the wife's consent is not so required, the policy cannot be her separate property. This confirms our construction of *Schade v. Western Union Life Ins. Co., supra,* as being irreconcilable with petitioner's thesis, for *Schade's* holding was that her consent was not required.

Without unduly lengthening this opinion, we gain additional confidence that the statute is not to be read as petitioner contends from the failure by the Washington Supreme Court even to consider such an interpretation in other cases where the continued community nature of a policy for the wife's benefit is assumed by the court and, for all that appears, by the parties to the litigation. *Occidental Life Ins. Co. v. Powers, supra; King v.*

*Prudential Ins. Co. of America,* 13 Wash. 2d 414, 125 P. 2d 282 (1942).

We therefore conclude that section 48.18.440 leaves the policies intact as property of the community, and that the decedent's community share in the proceeds thereof was includable in his gross estate.

*Decision will be entered under Rule 155.*