**ESTATE OF Mattias Arnold MADSEN, Norma V. Madsen, Executrix, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 79–7607.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1981.

Decided Oct. 2, 1981.

Steven Soha, Aiken, St. Louis & Siljeg, Seattle, Wash., for petitioner-appellant.

Robert T. Duffy, Washington, D. C. (argued), for respondent-appellee; Gilbert E. Andrews, Washington, D. C., on brief.

Before WRIGHT, FERGUSON and NORRIS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

I

Mattias Arnold Madsen was lost at sea in 1973. His wife, Norma, received the proceeds of a life insurance policy.

The Madsens were domiciled in Washington. Before buying the policy in 1967 they discussed the estate tax consequences with their insurance agent. All agreed that Norma would own the policy and make premium payments. Though community funds would be used, they determined that no gift tax return had to be filed because Mattias' interest in the payments was under $3,000.

None of the proceeds were included in Mattias' estate. The Commissioner noted an estate tax deficiency, reasoning that, because the policy was community property, one-half of the proceeds should have been included in the estate. The Tax Court agreed.

II

Life insurance proceeds are includable in an estate to the extent that the deceased "possessed at his death any of the incidents of ownership." I.R.C. § 2042(2). "Incidents of ownership" are determined by reference to the policy and state law. *Lang v. Commissioner*, 304 U.S. 264, 267, 58 S.Ct. 880, 881, 82 L.Ed. 1331 (1938); 26 C.F.R. § 20.2042–1(c)(5).

Section 48.18.440, Revised Code of Washington, provides:

Spouse's Rights in life insurance policy. (1) Every life insurance policy heretofore or hereafter made payable to or for the benefit of the spouse of the insured . . . shall, unless contrary to the terms of the policy, inure to the separate use of such spouse . . . .

As the case comes to us, both the policy and state law appear to support the contention that Mattias had no incidents of ownership at his death.

The Tax Court relied on its decision in *Meyer v. Commissioner*, 66 T.C. 41 (1976), *aff'd without opinion*, 566 F.2d 1182 (9th Cir. 1977), which in turn relied upon *Schade v. Western Union Life Insurance Co.*, 125 Wash. 200, 215 P. 521 (1923). *Meyer* held that § 48.18.440 affects the spouse's interest in the proceeds of a life insurance policy but not the ownership of the policy.

At issue in *Schade* was the validity of a policy provision reserving to the insured the right to change beneficiaries. The court held the provision valid. Instead of relying on the statutory language giving effect to "the terms of the policy," however, the court stated that "the statute defines the rights of the beneficiary as compared with the rights of creditors *in the proceeds and avails of a policy* . . . ." 125 Wash. at 207, 215 P. 521 (emphasis added).

Nevertheless, we are not persuaded that *Schade* is controlling. It is fairly read as holding only that the statute does not affect the husband's ownership interest as it appears in the policy.[1]

Here, the policy apparently did not give Mattias the right to change beneficiaries or

---

1. The Tax Court also relied on *In re Towey's Estate*, 22 Wash.2d 212, 155 P.2d 273 (1945). There, too, the question was whether the husband's exercise of his right, pursuant to the terms of the policy, to change beneficiaries was valid.

any other incidents of ownership. The statute appears to make the policy Norma's separate property and we are not persuaded that the Washington Supreme Court has held otherwise.[2]

### III

■ Because the question is one of state statutory construction and the position of the state court is uncertain, certification is appropriate. *See Mutschler v. Peoples National Bank*, 607 F.2d 274, 278–79 (9th Cir. 1979); *Barnes v. Atlantic & Pacific Life Insurance Co.*, 514 F.2d 704, 706 (5th Cir. 1975).

Therefore, pursuant to RCW § 2.60.010 et seq., we shall certify the following question to the Washington Supreme Court:

In Washington, is a life insurance policy naming the deceased spouse as the insured and the surviving spouse as beneficiary and owner, though the premiums were paid out of community funds, the separate property of the surviving spouse?

Pursuant to § 2.60.010(4)(a), the parties are ordered to prepare a stipulation of facts and file it with the clerk within twenty (20) days of the date of this opinion.

The parties will also prepare an Excerpt of Record for inclusion in the certified record and file it with the court within twenty (20) days. It should contain the insurance policy.

Pursuant to Washington Rules App.Proc. 16.16(e)(1), the court will designate appellant Madsen as the party to file the first brief in the Washington Supreme Court after the question is certified.

NORRIS, Circuit Judge, dissenting:

The sole question presented by this appeal is whether the Tax Court erred in holding that the proceeds of a life insurance policy naming the decedent's wife as beneficiary should be included in the decedent's estate for tax purposes. The Tax Court's decision is based upon § 2042(2) of the 1954 Internal Revenue Code which provides that the proceeds of a life insurance policy are included in a decedent's estate if the decedent had "incidents of ownership" in the policy at the time of death.[1] In deciding whether the decedent had any incidents of ownership in the policy, both the terms of the policy and state law must be considered. *Lang v. Commissioner*, 304 U.S. 264, 267, 58 S.Ct. 880, 881, 82 L.Ed. 1331 (1938); Treas. Reg. § 20.2042–1(c)(5) (1960).

Under Washington law, a life insurance policy becomes a community asset if the policy's premiums are paid from community funds. *Francis v. Francis*, 89 Wash.2d 511, 573 P.2d 369 (1978). The life insurance policy at issue was acquired during marriage and its premiums were paid with community moneys. Hence, the Tax Court reasoned that the decedent's estate should be increased by half the value of the proceeds of the life insurance policy for tax purposes because the decedent owned half of the

---

2. The dissenting opinion discusses the effect of *Francis v. Francis*, 89 Wash.2d 511, 573 P.2d 369 (1978), and concludes that it contains a definitive answer by the Washington court to the question we confront.

We do not read *Francis* to address the effect of RCW § 48.18.440(1) on the ownership of an insurance policy. On the contrary, we believe *Francis* considered the right of an insured to "give to persons other than his wife one-half the amount of the proceeds." 89 Wash.2d at 515, 573 P.2d at 371. That question is not presented here.

Perhaps the Washington Supreme Court will elect to employ its reasoning in *Francis* in deciding the question we certify to it. We remain unconvinced that *Francis* or any other case sufficiently states the Washington interpretation of RCW § 48.18.440(1).

Because we certify the determinative question to the state court, we do not desire to place that court in the position of choosing between our analysis and one of its own. We leave the analysis of *Francis v. Francis* to the Washington Supreme Court.

1. 26 U.S.C. § 2042 states, in pertinent part:
PROCEEDS OF LIFE INSURANCE.
The value of the gross estate shall include the value of all property—
(2) *Receivable by other beneficiaries.*—To the extent of the amount receivable by all other beneficiaries as insurance under policies on the life of the decedent with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person. . . .

policy as community property at the time of death. The only theory advanced by appellant on appeal and before the Tax Court is that the insurance policy was not community property because the decedent made a gift of his community interest in the policy to his wife.

There is a strong presumption under Washington law that property acquired during marriage is community property. A party claiming that such property is actually separate property must prove that assertion by "clear, definite and convincing" evidence. *Kern v. United States*, 491 F.2d 436, 439 (9th Cir. 1974). Thus, for the appellant to prevail, she must show by clear, definite and convincing evidence that her husband intended to make a gift of his community interest in the policy. The Tax Court's determination that no gift was intended is a finding of fact that will not be disturbed on appeal unless clearly erroneous. *See Commissioner v. Duberstein*, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

The facts of this case are virtually identical to the facts of *Estate of Meyer v. Commissioner*, 66 T.C. 41 (1976), *aff'd without opinion*, 566 F.2d 1182 (9th Cir. 1977), the case cited here by the Tax Court as precedent for its decision. The Tax Court in *Meyer* found insufficient evidence to prove clearly, definitely and convincingly that the husband decedent had intended to make a gift of his community half of the policy to his wife. The court noted that there was no discussion of the effect of the marital relationship between the insured and the owner, that there was no policy endorsement describing the policy as the sole or separate property of the wife, and, most important, that there was no testimony in-

dicating that the husband had intended to make a gift. *Id.* at 44.

In the case before us, although there is evidence that appellant and the decedent were aware of the estate tax consequences and community property considerations involved in the acquisition of the policy, there is no evidence that the decedent actually intended to give his share of the policy to his wife, the appellant.[2]

Even though *Meyer* is indistinguishable from the case before us, the majority has determined that Wash.Rev.Code § 48.18.-440[3] (hereinafter § 48.18.440) may act to convert the policy into the wife's separate property and has therefore certified the question to the Washington Supreme Court for an advisory opinion interpreting the statute. In so doing, the majority simply ignores appellant's sole theory in this litigation. As appellant's brief states:

> The sole issue for decision in this case is whether the insurance policy was the community property of decedent and Norma [appellant] at the date of his death and, therefore, includable in his estate to the extent of one-half of the proceeds thereof. Resolution of this issue is based upon the determination of whether decedent effectively made a gift to Norma of his one-half community property interest in the policy.

Appellant's Opening Brief, p. 5.

While appellant's papers mention the existence of § 48.18.440 in passing, at no point does appellant quote from the statute or claim that the statute is of any relevance to the federal estate tax question before us. The Commissioner's brief does not even mention the statute. Hence, the majority

---

**2.** The fact that the wife was designated in the policy as its owner does not, standing alone, constitute clear and convincing evidence that the decedent intended to give his interest to her. There must be additional evidence of decedent's intent to make a gift. *Kern v. United States, supra* at 439.

**3.** Wash.Rev.Code § 48.18.440(1) reads as follows:

Spouse's rights in life insurance policy. (1) Every life insurance policy heretofore or hereafter made payable to or for the benefit of the spouse of the insured, and every life

insurance policy hereafter assigned, transferred, or in any way made payable to a spouse or to a trustee for the benefit of a spouse, regardless of how such assignment or transfer is procured, shall, unless contrary to the terms of the policy, inure to the separate use of such spouse: *Provided*, That the beneficial interest of a spouse in a policy upon the life of a child of the spouses, however such interest is created, shall be deemed to be a community interest and not a separate interest, unless expressly otherwise provided by the policy.

certifies to the Washington Supreme Court a point of law that has been neither briefed nor argued by either party.

I submit that had the issue been briefed, it would have become evident that the Washington Supreme Court has already clearly interpreted § 48.18.440 in a way that makes it irrelevant to the case before us. In *Schade v. Western Union Life Insurance Company*, 125 Wash. 200, 215 P. 521 (1923), *In re Towey's Estate*, 22 Wash.2d 212, 155 P.2d 273 (1945) and *Francis v. Francis*, 89 Wash.2d 511, 573 P.2d 369 (1978), the Washington Supreme Court interpreted § 48.18.-440 as giving the spouse-beneficiary an ownership interest solely in the *proceeds* of a life insurance policy as distinguished from an ownership interest in the policy itself before the spouse-insured's death. Since § 2042(2) of the Internal Revenue Code imposes tax liability if the decedent had "incidents of ownership" in the policy at the time of his death, § 48.18.440 is inapplicable to the issue of the decedent's estate tax liability. The Washington statute relates solely to the question of the surviving spouse's ownership interest in the policy proceeds when they become payable.

*Schade, supra*, considered whether, in light of the predecessor statute to § 48.18.-440, a provision in an insurance contract allowing the husband to change beneficiaries from his spouse to another person was void. The court concluded that the provision was valid because, *inter alia*, the statute only defined the beneficiary's rights to the proceeds of the policy, not to the policy itself.[4]

The *Schade* interpretation of the statute was later affirmed in *Towey, supra*.[5] *Towey*, like *Schade*, involved a deceased hus-band's attempt to change beneficiaries in life insurance policies paid out of community funds with the wife named as original beneficiary. The trial court had concluded that the husband could not change beneficiaries without his wife's consent and therefore awarded the entire proceeds of the policies to the wife as the original beneficiary.

Essentially, the trial court in *Towey* attempted exactly what the majority holds out as a possible method of disposing of the instant case *i. e.*, apply § 48.18.440 to vest in the wife-beneficiary total ownership rights in a community owned insurance policy. The Washington Supreme Court reversed, holding that, because the policies were community property, the husband could change beneficiaries for his one-half share of the policies. The Court reasoned that if the trial court were correct that the husband could not change beneficiaries at all, then it would follow that the husband had no interest in the policies whatsoever. In the very next paragraph of the opinion, the *Towey* court harmonized its decision with the predecessor statute to § 48.18.440 by explaining that the statute referred exclusively to a spouse-beneficiary's interest in the *proceeds* of the policy, not the policy itself.

Where the insured designates his wife beneficiary of a policy of life insurance issued during the existence of the community, even if the premiums on the policy are paid *with funds of the community*, the *proceeds* of the policy become *upon the death of the insured* the separate estate of the wife. Rem.Rev.Stat.Supp. § 7230–1 [predecessor to RCW 48.18.440].

22 Wash.2d at 216–217, 155 P.2d 273 (emphasis added).

---

**4.** This critical distinction between rights in the policy and rights in the proceeds was recognized by the Tax Court in *Meyer*, when it quoted *Schade* as follows:

This court held in *Elsom v. Gadd*, 93 Wash. 603, 162 P. 867, that the statute is one for "the exemption of the proceeds and avails of insurance policies to the beneficiary selected by the insured as the object of his bounty." That is, the statute defines the rights of the beneficiary as compared with the rights of creditors in the proceeds and avails of a policy, prescribing that, other than the exception contained in the proviso in the statute, they become hers or theirs in their own separate right, free from the claims of creditors.
66 T.C. at 47.

**5.** While *Towey* agreed with *Schade* that the § 48.18.440 predecessor statute only applied to the proceeds of an insurance policy, *Towey* overruled *Schade* insofar as the older case held that the husband can have absolute power to change beneficiaries of a community owned life insurance policy without the wife's consent.

The majority's statement in Footnote 1 that *Towey* only addressed the issue of an insured's right to change beneficiaries under the terms of an insurance policy disregards the core rationale of the *Towey* case. *Towey* invalidated provisions in community owned insurance policies that gave the husband-insured the absolute right to change beneficiaries in the policies. The Washington Supreme Court reasoned that, since the policy was owned by both spouses, the husband had the right to change beneficiaries for only his half of the policies. Thus, *Towey* stands for the proposition that a husband and wife have *equal* ownership rights in a life insurance policy paid out of community funds naming the wife as beneficiary, notwithstanding § 48.18.440's predecessor statute.

Finally, *Francis v. Francis, supra,* expressly affirms the *Schade/Towey* interpretation of § 48.18.440. In *Francis*, the Washington Supreme Court explained that the Washington community property statute, Wash.Rev.Code § 26.16.030, makes spouses equal partners in the control of community property and prohibits one spouse from giving away more than his or her one-half portion of the property without the other spouse's consent. The court then stated: "This statute [Wash.Rev.Code § 26.16.030] does not purport to govern the disposition of insurance *proceeds.* That question is expressly dealt with in RCW 48.18.440." 89 Wash.2d at 517, 573 P.2d at 373. (emphasis added)

The Washington Supreme Court would be forced to overrule *Francis* to construe § 48.18.440 as transferring to appellant by operation of law her husband's one-half interest in a policy acquired with community assets. *Francis* dealt with a life insurance policy purchased during marriage which named the wife as sole beneficiary. The *Francis* court followed traditional community property tracing principles and ruled that the policy was community property because it was paid with community funds.

The court then held that the husband could change the beneficiary for his one-half interest in the policy because he still retained a one-half ownership interest in the life insurance policy, despite the existence of § 48.18.440.[6]

With all due respect, I submit that the majority misreads *Francis.* The majority asserts that *Francis* does not address the issue of incidents of ownership in a policy, but only the right of an insured to "give to persons other than his wife one-half the amount of the proceeds." (Majority opinion, n. 2, *supra.*) However, the right of the insured to give the proceeds of a policy to another is another way of characterizing his right to change beneficiaries in a policy. An insured who has the right to change beneficiaries—*i. e.,* the right to "give to persons other than his wife one-half the amount of the proceeds"—is, by definition, an insured who has incidents of ownership with respect to one-half of the policy. Thus, since § 2042(2) of the Internal Revenue Code requires the proceeds of the policy to be included in the decedent's estate to the extent he had "incidents of ownership" in the policy, *Francis* is dispositive of the federal estate tax issue before us.

Moreover, *Francis* cannot be distinguished from the instant case in the same manner that the majority attempts to distinguish *Schade* and *Towey.* The majority asserts that the *Schade/Towey* interpretation of § 48.18.440 only applies to a life insurance policy that, unlike the policy in the instant case, contains a provision allowing the insured to change beneficiaries. *Francis* clearly demonstrates that the majority's analysis of the statute is incorrect. The life insurance policy at issue in *Francis,* as well as the policy in the instant case, did not give the insured the right to change beneficiaries and *Francis* still held that the husband owned half of the policy as community property.

In view of *Francis, Schade* and *Towey,* the issue of state law before us is neither

---

6. *Towey* held that a spouse-insured may change beneficiaries for his community share of the proceeds only if the insured names his executor as beneficiary. *Francis* overruled *Towey* in this respect and allowed the spouse-insured to change beneficiaries at any time as to his half interest in the community policy.

novel nor uncertain. I can therefore see no reason to certify the question to the Washington Supreme Court. *See Lehman Bros. v. Schein*, 416 U.S. 386, 390–391, 94 S.Ct. 1741, 1743–1744, 40 L.Ed.2d 215 (1974); *Barnes v. Atlantic and Pacific Life Insurance Co. of America*, 514 F.2d 704, 706 (5th Cir. 1975).

For the foregoing reasons, I would affirm the judgment of the Tax Court.